## HOPPER VS. THE STATE.

In indictments against a man or woman for living together as husband and wife without being married, it is incumbent on the State to establish by prima facie evidence, at least, that the parties are not, in point of fact, man and wife.

It is a general rule that the burden of proof is on the party holding the affirmative— Exceptions; In prosecutions for a penalty given by the Statute, if it contains negative matter, the negative must be alleged and proved—unless such matter be *particularly within the knowledge* of the other party.

*Error to the Circuit Court of Yell County.*

The Hon. JOHN J. CLENDENIN, Circuit Judge.

GARLAND, for plaintiff in error.

The averment that the parties were not married was a necessary one, and should have been proved. *Wharton's Am. Cr. Law* 132 *note a*, 133 *note d:* 1 *Ch. Cr. Law* 227 *et seq.*, 554; *Whart. Cr. Law* 216; 1 *Stark. Ev.* (5 *Am. Ed,*) 394; 1 *Har. & J.* 427; 13 *Pick.* 359. It is not such a matter as should come from the defence. *Whart. Cr. L.* 138; 1 *McCord* 365; 2 *Russ. on Cr.* 691; 10 *East* 216; *Clayton vs. Wardell* 4 *Coms. Rep.* 122.

Mr. Attorney General JOHNSON for the State.

The averment is of a negative character, and whether any evidence is required on the part of the State, must depend upon whether the fact alleged is peculiarly within the knowledge of the defendant or not. If the defendant was married it was a fact peculiarly within his knowledge, and it being susceptible of positive proof there can be no hardship in requiring him to prove the fact. 1 *Greenlf. Ev.* 105; *Wharton's Cr. L.* 225; *Roscoe's Cr. Ev., page* 79, *et seq.*

Mr. Justice HANLY delivered the opinion of the Court.

Hopper was indicted in the Yell Circuit Court, under the 4th sect. of the 2d art., part VIII, of the 51st chap. of the Digest, as follows: " That Samuel Hopper and Elizabeth Parker, late of said county, on the first day of September, one thousand eight hundred and fifty-five, in the county aforesaid, did live together as husband and wife, without being married, contrary to the form of the Statute, etc."

At the September term, 1856, he was tried by a jury, who returned a verdict of guilty, and he was fined twenty dollars.

Motion for a new trial, setting out as grounds:

1st. The finding of the jury was contrary to law and evidence.

2d. The finding was contrary to the instructions of the Court.

Motion for a new trial overruled, and exceptions setting out the instruction given and certain evidence given at the trial. The substance of the evidence set out in the bill of exceptions

copied in the transcript, is "that Hopper and one Elizabeth Parker lived together in the county of Yell, within one year next before the finding of the indictment in this case, as husband and wife," which, the bill of exceptions states, was all the evidence introduced on the part of the State.

The instruction given to the jury, and to which Hopper objected, is in these words: " That in order to find the defendant guilty in this cause it was not necessary for the State to prove that the parties were not married."

The assignment of Hopper questions the propriety of the ruling of the Court below in reference to the motion for a new trial, thereby making it necessary for us to pass upon the sufficiency of the proof to sustain the verdict, and the propriety of the instruction given by the Court below upon the evidence adduced.

The Statute, upon which the indictment in question was framed, is in these words:

" If any man and woman shall live together as husband and wife without being married, each of them shall be deemed guilty of a misdemeanor," etc.   See *Digest, ubi sup.*

The evidence set out in the bill of exceptions—stated above —omits to establish the fact, either *prima facie* or otherwise, that Hopper and the woman, Parker, were not in point of fact man and wife, and the question is whether that fact should not have been made out by the State under the law.

The general rule, both in civil and criminal causes, is, that the burden of proof is on the party holding the affirmative; but there are some exceptions, in which the proposition, though negative in its terms, must be proved by the party who states it.   As for instance, in a prosecution for a penalty given by statute, if the statute, in describing the offence, contains negative matter, the count must contain such negative allegation and it must be supported by *prima facie* proof.   Such is the case in prosecutions for penalties given by statutes for coursing deer in enclosed grounds, not having the consent of the owner; or for cutting trees on land not the party's own, or taking other

property, not having the consent of the owner, or for selling as a peddler, goods not the produce or manufacture of the country, or for neglecting to prove a will, without just excuse made and accepted by the Judge of Probate therefor. In these, and the like cases, it is obvious that plenary proof on the part of the affirmant can hardly be expected; and, therefore, it is considered sufficient if he offer such evidence, as in the absence of counter testimony would afford ground for presuming that the allegation is true. See 1 *Greenlf. Ev.* § 78; 3 *Ib.* § 24.

This, we have said, is the general rule, and those, among many others, are the exceptions to this rule, but there is a solitary exception to the exceptions, which we have stated, and that is in the case where the negative averment is *particularly within the knowledge* of the other party; in which case the averment is taken as true, unless disproved by that party. Such for instance in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any person, except those who are duly licensed therefor, as for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it, without the least inconvenience, whereas if proof of the negative were required, the inconvenience would be very great. See 1 *Greenlf. Ev. sec.* 79; *Rex vs. Turner* 5 *M. & S.* 206; *Smith vs. Price,* 9 *Price* 257; *Sheldon vs. Clarke,* 1 *J. R.* 513; *U. S. vs. Hayward,* 2 *Gall.* 485; *Gerring vs. The State,* 1 *McCord,* 573; *Com. vs. Kimball,* 7 *Met.* 304; *State vs. Morrison,* 3 *Dev.* 299; *Haskill vs. Comm.,* 3 *B. Mon.* 342; *State vs. Crowell,* 12 *Shepl.* 171; *Shearer vs. State,* 7 *Blackf.* 99.

And this solitary exception is confined, by the cases to which we have referred, to indictments for selling liquors, exercising a trade or profession and such like without license, and these cases are put upon the ground of comparative inconvenience to the one party without the least inconvenience to the other. See *Archb. Cr. Law* 225.

In the case before us, it might be as inconvenient to the defendant to prove his marriage with the woman, Parker, as it

would be to the State to prove circumstances to show that they were not really married. In a case like the one at bar only slight circumstances and facts would be required to be proved, to make it amount to *prima facie* proof against the defendant, to require him to show, by counter testimony, facts that would countervail that kind of evidence: As, for instance, to show that the defendant and the woman resided in the county of Yell for some time before they commenced to live together as husband and wife, and that since then there is no marriage certificate recorded in that county, and the like· This would be sufficient to put Hopper to the proof to remove the effect of this *prima facie* evidence by proving his marriage with the woman, Parker.

We think, therefore, there was a failure of proof on the part of the State, in this instance, in the particular named, and that the Court below should have granted the defendant a new trial for the first ground set out in his motion.

If we are correct in our views above expressed, and of this we entertain not the slightest doubt, it follows as a consequence that the Court below erred in giving the instruction complained of in this instance. For which cause let the judgment of the Yell Circuit Court be reversed, and the cause remanded to be proceeded in.

Absent, Mr. Justice SCOTT.