## HARMON V. KLINE.

ESTOPPEL: *To claim house as part of realty.*

The plaintiff and defendants with other citizens of a town—of the council of which the plaintiff was a member—having subscribed to a fund for building a city jail, located it on school land adjoining the town, and agreed that whenever the State sold the land they would move the building to a lot to be provided by the town. The land was subsequently sold by the Sheriff, who, in making the sale, announced that the jail building did not go with it, and the plaintiff bought the land with that understanding. HELD: That the plaintiff was estopped to treat the building otherwise than as personalty belonging to the town.

APPEAL from *Johnson* Circuit Court.

G. S. CUNNINGHAM, Judge.

*A. S. McKennon,* for appellant.

The calaboose was part of the realty and passed to plaintiff when he purchased from the State the land upon which it was situated. *Tiedeman on Real Property, secs. 2, 3 and 4.* He became the owner of everything thereon and then attached to the freehold. *14 Ark., 431; 23 Ark., 19;* The

Sheriff had no power to reserve anything attatched to the freehold in making the sale, and no agreement or understanding between the town authorities and citizens of Coal Hill, could change the nature of the property. The State was not a party to this agreement and was not bound by it.

The appellees *pro se.*

The appellant is estopped from claiming the structure. *16 Ark., 511; 52 Am. Rep , 529; 53 id., 622; 111 Ill., 202; 33 Kans., 264.*

ESTOPPEL.

SANDELS, J. The parties, plaintiff and defendants, live at the Town of Coal Hill. They, with other citizens, subscribed to a fund to build a city jail. Plaintiff (who was then a member of the town council) and defendants, with other citizens, determined to locate said jail on school land belonging to the State, adjoining the town, and agreed that whenever the State sold said land they would move the house off to other land, to be provided by the town. At the sale of the lot the Sheriff announced that the house did not go with the land, and plaintiff bought the land with that understanding. Subsequently he acquiesced in the use of the jail by the town. At length he announced that he intended tearing down the jail and constructing near his residence a "storm house." Defendants thereupon, at night, moved the jail off plaintiff's land, and he brought this suit for the alleged trespass. There was verdict and judgment for the defendants, and the plaintiff appealed.

A house built upon the land of another, without permission and agreement, becomes part of the realty, but where permission is first obtained and agreement had to that effect, the building remains personalty. Under the facts of this case, plaintiff is estopped to treat the building otherwise than as personalty belonging to the Town of Coal Hill.

Affirmed.