## MARKLE v. STACKHOUSE.

### Opinion delivered January 29, 1898.

FIXTURE—SAW MILL.—A saw mill erected by a vendee on land subject to a vendor's lien becomes a fixture, and subject to such lien, where the manner of its annexation to the soil, and its adaptation to the use to which the soil is devoted, clearly establish that it was erected with the intention that it should be a permanent accession.

Appeal from Woodruff Circuit Court in Chancery.

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT.

This was originally a suit at law aided by attachment, by the plaintiffs, the Stackhouse Brothers, against the defendant, the Woodruff Land and Timber Company. Under the writ of attachment, a certain saw-mill was levied upon, whereupon the intervener, S. M. Markle, filed an intervening petition, claiming that the lien of the attachment was subject to a vendor's lien and judgment thereon in his favor, and praying that the cause be transferred to the equity side of the court, which was accordingly done, the Woodruff Land & Timber Company having withdrawn its answer, and judgment having been entered against it.

In September, 1893, Markle sold to the Woodruff Land & Timber Company some seven sections of land in Woodruff and Cross counties, Arkansas, reserving a lien on the face of the conveyance for $24,150 of the purchase price. In February, 1895, he obtained a judgment against the Woodruff Land & Timber Company for so much of said indebtedness as had then matured, and a decree that it and the unmatured indebtedness was a lien upon said real estate. Later the said real estate was sold under the said judgment and decree, and Markle bought it in, and obtained a deed therefor. While the Woodruff Land & Timber Company was in possession of the land, they erected thereon a saw mill, the subject of the present controversy.

The plaintiff brought this action against the Woodruff Company for breach of contract, suing out a writ of attachment in aid thereof, which was levied upon the said saw mill. The attachment was sustained, and judgment against the Woodruff Company had for $2,400.

The controversy is between the Stackhouse Brothers and Markle, the question being whether or not the vendor's lien established by the decree attaches to the saw mill. If it does attach, it is paramount to the lien of the attachment. The decree established a lien against the real estate, and the question is, therefore, whether or not the mill became a part of the realty. The case was submitted to the court on depositions. On the evidence the court found that the saw mill plant was not subject to the lien of the decree in favor of Markle, the inter-

vener, as vendor, and dismissed the intervening petition by the decree set forth above.

Whereupon the intervener prayed this appeal, which was granted.

*Noble & Shields* and *Wm. G. Pettus*, for appellant; *Rose, Hemingway & Rose*, of counsel.

The rules for determining whether or not a particular thing is a fixture are construed, as between vendor and vendee, most liberally for the vendee. 8 Am. & Eng. Enc. Law, 55; 22 N. H. 538. As between mortgage and mortgagee, the rules are construed in the same manner, with perhaps a somewhat more liberal application in favor of the mortgagee. 80 Ala. 103; 3 Barb. 299; Ewell, Fixtures, p. 274; 8 Am. & Eng. Enc. Law, (1 Ed.) 53; 1 Jones Mortg. § 428. Annexations made after the execution of a mortgage are subject to same rule as those made before. 8 Am. & Eng. Enc. Law, 50; Ewell, Fixtures, 274; Washburn, Real Prop. (5 Ed.) 25; 80 Ala. 103; Jones, Mortg. § 436; 64 Ark. 502. The question whether or not a particular thing has become a fixture is to be determined by the following tests: (1) Actual annexation to the realty or to something appurtenant thereto; (2) appropriateness to the use or purpose to which that part of the realty with which it is connected has been applied; (3) the intention of the party making the annexation to make a permanent accession to a freehold. 80 Ala. 105; 24 N. J. Eq. 260; 1 O. St. 511; 63 Ark. 625. The intention of the party making the annexation may be inferred: (1) From the nature of the article affixed; (2) from the relation and situation of the party making the annexation; (3) from the structure and mode of annexation; (4) from the purpose and use for which the annexation is made. 1 O. St. 511; 8 Am. & Eng. Enc. Law, 43. Machinery which constitutes the motive power in a factory, and such as is necessary to its business, are fixtures. 67 Md. 44; 45 O. St. 289; 150 Mass. 519; 130 Mass. 511; 147 Mass. 500; 42 N. J. Eq. 218.

*P. R. Andrews* and *N. W. Norton*, for appellees.

There is nothing in the manner of annexation to indicate

any intention of permanency. The decision of fixture cases must depend largely on the peculiar circumstances of each case, as evidencing intent. Custom must also be looked to. 63 Ark. 625; 56 Ark. 55.

HUGHES, J., (after stating the facts.) It would not be profitable to set out the evidence. As we find the law to be, the main question in a case of this kind is, what was the intention of the party who had the structure erected? Did he intend it to be a permanent annexation to the soil, or was it erected with a view to its removal?

As evidence of what the intention was, the manner of its annexation to the soil, and the adaptation of the plant to the use or purpose to which that portion of the realty with which it is connected is appropriated, are circumstances that are to be considered, and "derive their chief value as evidence of such intention," as held in Ewell on Fixtures, p. 22; *Choate* v. *Kimball*, 56 Ark. 55; *Bemis* v. *First National Bank*, 63 Ark. 629; *Monticello Bank* v. *Sweet*, 64 Ark. 502.

There is considerable conflict in the evidence as to matters going to show with what intention the mill was erected, and there was some testimony from which it might be inferred that the mill was erected with a view to its removal.

But we are of the opinion that the manner of its substantial annexation to the soil, and its adaptation to the use or purpose to which that portion of the realty to which it was annexed was devoted, taken with the other evidence in the case, furnish a clear preponderance of evidence that the mill was erected with the intention that it should be permanent, and that it was a part of the realty, and passed to the intervener by purchase of the land upon which it was situate, or was subject to his vendor's lien for the purchase money of the land.

Wherefore the decree of the circuit court is reversed, with instructions to enter a decree for the intervener in accordance herewith.

MR. JUSTICE BATTLE dissents.