JAMES v. ORRELL.

Opinion delivered June 16, 1900.

BAILMENT—NEGLIGENCE—BURDEN OF PROOF.—In an action against a cotton ginner to recover damages for cotton lost while in his possession, it was error to instruct the jury that, "the loss of the cotton being admitted, the burden is upon the defendant to show that such loss was not caused by the negligence of him or his servants." (Page 287.)

Appeal from Conway Circuit Court.

JEREMIAH G. WALLACE, Judge.

STATEMENT BY THE COURT.

This suit was brought in the Conway circuit court by appellees against appellant for the value of a bale of cotton claimed by them to have been stolen from his gin through his negligence, and for the value of seven other bales claimed to have been burned and destroyed by reason of his negligently permitting his gin to be destroyed by fire. In response to a motion to make the complaint more definite and certain, an amended complaint was filed. In the amended complaint it is charged that in the year 1897 appellee Gray made a crop of cotton on which appellee Orrell had a mortgage for an unpaid supply account; that Gray hauled eight bales of his cotton to James' gin for the purpose of having it ginned; that the cotton was delivered into the gin on the 1st day of November, 1897; that on the 2d day of November James negligently permitted one bale of the cotton to be stolen; that on the 10th day of November the gin house was destroyed by fire, and the other seven bales of cotton thereby burnt up and destroyed; that the gin house and cotton therein was destroyed by reason of the negligence of James in "permitting loose cotton and other combustibles to accumulate on the floors of said gin house, thereby rendering it hazardous and liable to fire to an unusual degree;" and that he "negligently permitted his gin machinery to become out of repair, and negligently permitted the

same to be operated by inexperienced and incompetent opera-
tors." And that "he negligently refused to gin said cotton
for the plaintiffs, although requested to do so, but kept the
same in said ginhouse, and ginned other cotton that had been
received after the cotton of plaintiffs had been delivered into
said gin, and negligently permitted the same to remain in said
ginhouse, and said cotton was destroyed."

The answer admitted everything but the allegations of
negligence. It was alleged that only seven bales were delivered
to the gin, and that James had a landlord's lien on the cotton
that would reduce the amount of the recovery; but, as the
amount of the recovery is not in question now, it is not deemed
necessary to further refer to any issue but the one of negli-
gence, raising the question of appellees' right to recover any
sum whatever. The answer expressly denied the allegation of
negligence, and further alleged that defendant was ready and
willing to gin the cotton, and began ginning it about a week
before the theft of the bale, and that Gray stopped the ginners,
and ordered them to hold the cotton in the ginhouse without
ginning till further orders from him, and that while so holding
the cotton it was lost and destroyed; and that, but for such
delay caused by Gray's orders, the cotton would all have been
ginned and ready for delivery long before the loss.

The case was tried before a jury. Finding and judgment
for plaintiffs for $168.11. The principal issues on the trial,
and the only ones here, arise out of the allegations of negli-
gence. The evidence to sustain and disprove the negligence
charged in the complaint was conflicting. The plaintiffs and
several witnesses testified on behalf of plaintiffs, and their tes-
timony tended to establish the negligence charged in the com-
plaint. The defendant and several witnesses testified on his
behalf, and their testimony tended to disprove the negligence
charged, the testimony on that point being conflicting.

Appellant on the trial offered to prove the allegation in
his answer that at the time of the loss he had for several days
been holding the cotton for the accommodation of Gray, and obey-
ing his orders by postponing the ginning; counsel at the time
stating to the court that the evidence was not offered to prove

or disprove negligence, but to show the nature of the bailment, etc. The court refused to allow the evidence, and appellant at the time excepted.

The court's charge on points other than the burden of proof were not objected to. On the burden of proof, over appellant's objection, the court instructed the jury as follows: "The loss of the cotton being admitted, the burden is upon the defendant to show that such loss was not caused by the negligence of him or his servants; and, unless you find by a preponderance of the evidence the loss was not caused by such negligence, your verdict will be for the plaintiff,"—and to the giving of which appellant at the time excepted.

Appellant asked the court to give to the jury the following instruction: "Defendant is sued in this case for negligence in permitting certain cotton to be destroyed by fire while in his cotton gin for the purpose of being ginned. He denies negligence, and, unless the evidence by a preponderance has satisfied you that such loss occurred by reason of the negligence of defendant or his servants, he would not be liable therefor." The instruction was refused by the court, and appellant at the time excepted. Appellant also asked the court to instruct the jury that the burden was upon appellees to show the loss by theft was through his or his servants' negligence, and the court refused, and he at the time excepted.

Appellant filed a motion for new trial on the grounds: (1) That the court erred in refusing to allow him to prove that, at the time the cotton was stolen and destroyed, he was withholding the ginning at instance and request of Sam Gray. (2) The court erred in instructing the jury upon the burden of proof. (3) The court erred in refusing to instruct the jury upon the burden of proof upon motion of defendant. The motion for new trial was filed, and overruled, and duly excepted to, and time given to file bill of exceptions, and appeal granted. Bill of exceptions duly signed and filed within the time allowed.

*J. F. Sellers*, for appellant.

The burden was on the appellees to show, not simply the loss, but that it was occasioned by appellant's negligence.  12

Am. & Eng. Enc. Law, 59; 16 *ib.* 453; Cooley, Torts, 809; 24 S. W. 1053; 12 Lea, 232; 62 N. Y. 448; 12 N. Y. 236; 7 Gray, 92; 61 Fed. 764; 42 S. W. 679; 170 Mass. 166; 49 N. Y. Supp. 949; 99 Mo. 653; 17 Ga. 136; 46 N. Y. Supp. 576; 4 Biss. 137; 21 N. E. 864; 71 Ala. 509; 23 Atl. 367; 76 Pa. St. 62; 15 Atl. 326; Edw. Bail. 399; Hale, Bail. 31; 127 N. Y. 506; 26 S. W. 706; 63 Ark. 709; 56 Am. St. Rep. 684; 49 Cent. L. J. 61; 7 Humph. 133; 31 Ark. 286; 40 Ark. 375; 44 Ark. 208; 52 Ark. 26; 63 Ark. 344.

*Chas. C. Reid,* for appellees.

The mere fact that the ginning of the cotton was postponed at appellees' request did not change the relation of the parties on the character of the bailment. 54 S. W. 872. Appellees made out a *prima facie* case of negligence, and the burden of rebutting it devolved upon appellant. 2 Thompson, Tr. §§ 1831, 1839; 14 Ill. 279; 74 Ill. 249; 16 Am. & Eng. Enc. Law, 455. The facts and circumstances may be such as to raise a presumption of negligence. 32 Atl. 44; 16 Am. & Eng. Enc. Law, 449; Shearman & Redf. Neg. §§ 59–68; Thompson Neg. 1227, 1235; 26 Ark. 653; 54 Ark. 159.

HUGHES, J., (after stating the facts.) The defendant offered to prove on the trial that the cotton was being withheld by him from being ginned at the instance and request of Gray, one of the appellees, at the time it was stolen, and at the time of the burning of the gin; and this was not allowed by the court, to which he excepted, and made this the first ground of his motion for a new trial. Appellant contends this should have been allowed, because the appellees requested that the ginning should be delayed until they could gather a certain field of cotton, that it might all be ginned at the same time; that, having withheld the ginning thus at the request and for the accommodation of appellees, a less degree of care was required of him to keep the cotton safely. While we would not reverse the case for failure to allow this testimony, we think it should have been allowed, that the jury might be in possession of all the facts that might bear upon the case.

There was prejudicial error in the court's instruction to

the jury as to the burden of proof. It told the jury that, "the loss of the cotton being admitted, the burden is upon the defendant to show that such loss was not caused by the negligence of him or his servants; and, unless you find by a preponderance of the evidence that the loss was not caused by such negligence, your verdict will be for the plaintiff." This is error, for which the judgment must be reversed. Judge Story in his work on Bailments (8th Ed.), § 410, says: 'With certain exceptions, which will thereafter be taken notice of, as to innkeepers and common carriers, it would seem that the burden of the proof of negligence is on the bailor, and proof merely of the loss is not sufficient to put the bailee on his defence. This has been ruled in a case against a depositary for hire, where the goods bailed were stolen by his servant." "Properly understood, it seems to be clear that the burden of proof must always be upon the plaintiff to make out all the facts upon which his case rests; and, as negligence is the foundation of the action between bailor and bailee, that the duty of proving such negligence is on the former, rather than that of disproving it on the latter. That the burden is on the plaintiff in other cases founded on negligence is now quite generally agreed. * * * Negligence is no more to be presumed in such cases than in any other." There is some discrepancy in the cases, but "the best considered modern authorities, in which the question has been most directly discussed and decided, support the views above expressed." Id. §§ 410a, 213, 278, 339, 454 and authorities, note 3 and 4.

"All bailees, with or without a special contract, are *prima facie* excused when they show loss or injury by act of God, or of public enemies; and ordinary bailees in a variety of lesser instances, such as fire, loss by mobs or robbery." *Wilson* v. *Southern Pacific R. Co.* 62 Cal. 164, as to loss by fire. 3 Am. & Eng. Enc. Law, pp. 750, 751 and cases.

Negligence is an affirmative fact, to be established by proof. *Rutledge* v. *Ry. Co.* 24 S. W. 1053. The burden of sustaining the affirmative of an issue involved in an action is upon the party alleging the facts constituting the issue. *Heinemann* v. *Heard*, 62 N. Y. 448.

The appellant asked the court to instruct the jury that the burden as to negligence was on the plaintiff, which he refused to do.  This was error.  For the errors indicated the judgment is reversed, and the cause remanded for a new trial.

BUNN, C. J., and BATTLE, J., not participating.