## TENNISWOOD *v.* SMITH.

### Opinion delivered October 15, 1904.

1. FIXTURE—LEASE.—Machinery attached to realty under an agreement of lease whereby it was to remain the property of the lessor and not become part of the realty did not become a fixture. (Page 502.)

2. SAME—WHEN QUESTION FOR JURY.—Where there was evidence that machinery was attached to land under an agreement of lease whereby it was to remain personal property, it was error to instruct the jury that it was a fixture. (Page 502.)

3. SAME—PURCHASER WITH NOTICE.—A purchaser of land, having notice that machinery thereto annexed was attached under an agreement of lease whereby it was not to become part of the realty, acquired no title thereto unless the lessor consented to or ratified the sale of the machinery. (Page 502.)

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

Tenniswood sued Smith in replevin to recover a cotton press. Defendant answered, denying that he held the press unlawfully and claiming ownership by virtue of purchase of the land on which the press was located from Edwin Moore & Sons.

Plaintiff testified that he was owner of the press in controversy; that he leased the press to Edwin Moore & Sons, but did not sell it to them. The court refused to permit plaintiff to prove by Edwin Moore that Edwin Moore & Sons never bought the press from plaintiff, but only rented it from him; that they had no authority to sell it to defendant, and that it was understood with defendant, before he purchased the land, that the press was the property of plaintiff.

Defendant testified that he bought the land upon which the press was situated; that the press was attached to the ginhouse; and that it was part of the improvements on the land when he bought it. He read in evidence his deed from Edwin Moore & Sons, conveying the land by metes and bounds "with all appurtenances thereunto belonging."

The court instructed the jury as follows:

"The court instructs the jury that, it appearing from the evidence in this case that the cotton press in controversy [was] attached to the realty as a fixture at the time that Edwin Moore & Sons sold and conveyed the lot to the defendant by deed conveying it with all appurtenances, it, the press, passed with the lot, and you are directed to return a verdict for the defendant."

The court refused plaintiff's request to give the following instruction:

"The jury are instructed that if they find from the evidence that it was understood by verbal agreement between Edwin Moore & Sons and the defendant, John R. Smith, at the time of the sale and deed from Edwin Moore & Sons to the defendant, that the press in controversy was the property of the plaintiff, and not a part of the realty conveyed in said deed, but was personal property, then you, will find for the plaintiff; unless you further find that Edwin Moore & Sons did sell the press to the defendant with the consent of the plaintiff, or that plaintiff ratified the sale after it was made."

Defendant had judgment, from which plaintiff appealed.

*Grant Green,* for appellant.

Fixtures may, by agreement, be made personalty. 4 Ala. 402; 37 Am. Dec. 749. Such agreement may be by parol. 7 Allen, 185. Such agreement may be implied, as well as express. 106 Mass. 326; 14 Allen, 129; 16 Pa. St. 523; 6 Laws. Rights, Rem. and Pract. § 2897. The intention governs. 1 Wash, Real Prop. 5, 17; 49 Am. Rep. 710; 56 Ark. 61; 63 Ark. 625. It was error to exclude evidence of intention. 66 Ark. 87. The court erred in giving a peremptory instruction for appellee. 14 Ark. 296; 16 Ark. 593; 24 Ark. 540; 35 Ark. 157; 37 Ark. 580; 50 Ark. 546; 52 Ark. 45; 53 Ark. 381; 57 Ark. 406; 58 Ark. 108; 61 Ark. 442; 63 Ark. 457; 66 Ark. 506; 68 Ark. 106; 70 Ark. 78; *Ib.* 230.

*S. Brundidge,* and *J. W. & M. House,* for appellee.

The press was a fixture and could not be removed. 65 Ark. 23; 56 Ark. 57. Parol evidence cannot be received to vary the written contract of the parties. 66 Ark. 398; 4 Ark. 154; 50 Ark.

393 ; 55 Ark. 347 ; 64 Ark. 650 ; 28 Ark. 146 ; 39 Ill. 28 ; 4 Metc. 306 ; 21 Am. St. 329 ; 3 Stew. 314 ; 19 Pick. 314 ; 30 So. 15 ; 71 N. C. 99 ; 14 Allen, 128.

Wood, J.   1. Under rules and tests announced by this court in *Choate* v. *Kimball,* 56 Ark. 61 ; *Bemis* v. *First National Bank,* 63 Ark. 625 ; *Markle* v. *Stackhouse,* 65 Ark. 23, there was evidence tending to show that the press in controversy was not a fixture.

2. The learned trial judge therefore erred in taking that question from the jury.  Since the jury might have found that the press was not a fixture, the court also erred in not permitting  the testimony offered by the appellant to  show that appellee had notice, at  the time of his purchase  of the land  from the Moores, that the press situated thereon did not belong to them.

3.   The instruction  asked by appellant should have been granted, as it stated the law applicable to the facts.

For errors named the judgment is reversed, and the cause  is remanded for new trial.