## VANHOOZER *v.* GATTIS.

### Opinion delivered July 7, 1919.

1.  FIXTURES—BUILDING UPON LAND—RIGHT TO REMOVE—AGREEMENT OF THE PARTIES.—A building erected upon leased premises may be treated as either real estate or personal property, according to the agreement and understanding of the parties.

2.  FIXTURES—RIGHT OF TENANT TO REMOVE BUILDING.—Tenants must remove buildings placed by them upon leased premises within the time specified in their leases, otherwise the buildings immediately become a part of the real estate to which attached,

3. FIXTURES—AGREEMENT GIVING RIGHT TO REMOVE—WRITTEN AGREE-
MENT—ORAL TESTIMONY TO CONTRADICT.—A lessee erected a build-
ing upon the leased premises under an oral agreement with the
lessor that the lessee might remove the same. Some time later
the parties entered into a written unambiguous agreement, limit-
ing the time for removal of the building. In a later dispute
over the lessee's right to remove the building, *held,* that
the first agreement was merged in the written contract, and that
oral evidence to contradict the written contract was inadmissible.

4. FIXTURES—REMOVAL OF BUILDING—WAIVER OF TIME—STATUTE OF
FRAUDS.—A. leased land to B. and agreed in writing that B. might
remove a certain barn that B. had erected on the leased premises
during a certain time. *Held* an oral extension by A. to B. of the
time within which he might remove the barn was not within the
statute of frauds, nor was the extension agreement made without
consideration.

5. WAIVERS—BURDEN OF PROOF.—The party asserting a waiver must
establish it by the weight of the evidence.

6. FIXTURES—RIGHT TO REMOVE—DAMAGES FOR DETENTION AND USE
OF.—A. leased premises to B., agreeing that B. might remove a
barn therefrom, which he had built. In an action by B. to re-
cover the barn and for damages, *held,* B. could not recover any
damages for the loss of the use of the barn, but that his damages
would consist of its depreciation in value from the time he at-
tempted to move it, until recovery, with interest on the whole
amount at the rate of six per cent. per annum from the date he
demanded it.

Appeal from Logan Circuit Court, Northern Dis-
trict; *James Cochran,* Judge; reversed.

*T. A. Pettigrew,* for appellant.

1. The contract founded on the compromise of the
lawsuit was valid and binding. 43 Ark. 377; 101 *Id.* 142;
88 *Id.* 363; 69 *Id.* 82. It was conclusive in the absence
of fraud. 74 Ark. 270.

2. The court erred in permitting the appellee and
Honea Crossno to testify about transactions and agree-
ments between appellant and appellee and Honea
Crossno and Crossno and Vanhoozer with regard to the
barn that occurred five years before the written contract
was made. No oral testimony should have been per-
mitted except that the contract was made in compromise

of a law suit pending in chancery.  102 Ark. 575; 83 *Id.* 163; 79 *Id.* 256.

If the barn had any usable value at all it would be its rental value and if as situated it had no rental value the measure of damages for detention would be the interest on its value at the legal rate stated to be $350.  36 Ark. 260; 34 *Id.* 184; 39 *Id.* 387; 199 S. W. 103.

His first contention is untenable. 8 Words & Phrases (1st Series), p. 7042; 4 L. R. A. 284; 19 *Id.* 611; 6 *Id.* 249; 3 *Id.* 33.

He is mistaken in his second contention. 78 Ark. 202; 206 S. W. 663; 22 Cyc., p. 10, par. 4.

The third is also untenable.  Appellee was entitled to recover the fair usable value of the property and interest was not the criterion.  24 Ark. 264; 34 *Id.* 184; 36 *Id.* 260.  See also 98 Ark. 328.

3.  The burden of proof was on appellee and it was error to refuse to so instruct the jury.  991 S. W. 915. It was error also to give No. 2.  This case is widely different from 206 S. W. 661 and 90 Ark. 351 and 52 *Id.* 251. The dissenting opinion in 206 S. W. 661 is applicable here.

*Sid White,* for appellee.

Counsel for appellant relies for a reversal on three grounds:  (1) The court erred in allowing appellee to introduce testimony of the exact circumstances under which the barn was erected, together with the intentions of the parties with reference to ownership and control.

(2)  That the court erred in charging the jury as a matter of law that if appellee built the barn with an express understanding that it should remain his personal property subject to removal at all times, then it remained personal property and did not become a part of the realty and he could remove it, answering in damages, if any, by reason of the delay in removal.

3.  That the award of damages is excessive.

HUMPHREYS, J.  Appellee instituted suit in replevin in the Logan Circuit Court, Northern District,

against appellant, for the possession of a barn, placed upon appellant's land while he occupied the premises under lease, which expired in the year 1915. Appellee alleged that the barn was built under permission to remove same after the expiration of the lease; that his right to remove the barn had not expired; that he was entitled to the immediate possession of the property, but appellant was wrongfully detaining same; that the barn was of the value of $350, and that by reason of the wrongful detention of same, he was damaged in the sum of $100.

Appellant answered, denying the material allegations of the complaint and affidavit in replevin, and pleaded, by way of further defense, a written contract between them, of date December 22, 1915, under the terms of which, it was alleged, appellee's right of removal of said barn expired before the institution of this suit.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court, upon which a verdict was returned in favor of appellee for the barn, or its value, $350, and damages in the sum of $150. A judgment was rendered in accordance with the verdict, from which, under proper proceedings, an appeal has been prosecuted to this court.

In the year 1910, or 1911, appellee verbally leased a farm from appellant's agent, Honea Crossno, which lease expired in the year 1915. Crossno became interested as a partner in the lease the following fall. During the term of the lease, appellee and his partner built a barn upon the land. Appellee afterwards purchased his partner's interest in the lease and barn. In the fall of 1915, a dispute arose between appellee and appellant which resulted in the institution of a suit by appellee against appellant. The suit was compromised by the execution of a written rental contract, of date December 22, 1915, for the rental of the farm for the year 1916. Appellee bound himself by one of the provisions in the contract to pay appellant $775 for the use of the land for the year 1916, and the right to remove the barn from the premises

within twelve months after the expiration of the lease, or by January 1, 1918. Over the objection of appellant, appellee was permitted to testify that the barn was built under contract that it should remain the personal property of himself and partner, with the right to remove it from the premises just as other personal property. An exception to the admissibility of this evidence was properly preserved. The evidence on the part of appellee also tended to show that in December, 1917, some five days before the time expired under the contract for moving the barn, appellant extended the time indefinitely to appellee for moving same. The evidence on the part of appellant tended to show that the barn was built upon the land without any understanding that it should remain the personal property of appellee and his partner, with the right to remove it from the premises at any time; also to show that appellant never extended the time to appellee for removal beyond January 1, 1917, the time specified in the contract. Under the view of this court as to the disposition of the case, we deem it unnecessary to set out the substance of the evidence responsive to the issues collateral to the main question involved on this appeal.

(1-3) The cause was sent to the jury on the theory that if the barn was ever personal property, it was always personal property, and that appellee had a right to remove it even though he did not remove it by the time agreed upon in the written lease for the year 1916. This was error, because the character of such an improvement, or fixture, may be determined by contract either express or implied. The rule is well settled in this State that such structures may be treated either as real estate or personal property, dependent upon the intention as to how they shall be regarded and treated by the parties interested. *Markle* v. *Stackhouse*, 65 Ark. 23; *Bemis* v. *First National Bank*, 63 Ark. 625; *Field* v. *Morris*, 95 Ark. 268; *Bache, Receiver*, v. *Central Coal & Coke Co.*, 127 Ark. 397. Appellee suggests that the rule laid down is in conflict with the doctrine announced in the cases of

*Buffalo Zinc & Copper Co.* v. *Hale,* 136 Ark. 10, 206 S. W. 661; *Beauchamp* v. *Bertig,* 90 Ark. 351, and *Harmon* v. *Kline,* 52 Ark. 251. We see nothing in them contravening this rule. On the contrary, each of the cases recognizes the doctrine that tenants must remove buildings placed by them upon leased premises within the time specified in their leases, else they immediately become a part of the real estate to which attached. The written contract between the parties in the instant case provided that the barn should remain the property of appellee until January 1, 1918, if removed from the premises by that time; which was, in effect, an expressed intention between them that it should become a part of the real estate if it remained on the premises thereafter. The theory upon which the case was submitted to the jury was contrary to the plain terms of the written contract. The character of the structure or fixture having been determined by an unambiguous written contract between the parties on December 22, 1915, it was error on the part of the court to admit oral evidence tending to establish the character or nature thereof at a prior date. The antecedent oral lease under which the barn was built on the premises by appellee and his partner, and the dispute between the parties, growing out of said contract, were merged into the compromise contract of date December 22, 1915; so, it was improper to admit oral evidence confirming or contradicting the unambiguous written contract. *Tillar* v. *Wilson,* 79 Ark. 256; *Soudan Planting Co.* v. *Stevenson,* 83 Ark. 163; *Zearing* v. *Crawford, McGregor & Camby Co.,* 102 Ark. 575.

(4) Appellant also insists that the alleged waiver on her part of the time specified in the contract, in which to remove the barn, was void, first, because not in writing; and, second, without consideration.

As to coming within the statute of frauds and therefore void, appellant cites section 3656 of Kirby's Digest, which is as follows: "No contract for the sale of goods, wares and merchandise, for the price of thirty dollars or upward, shall be binding on the parties unless, first, there

be some note or memorandum, signed by the party to be charged; or, second, the purchaser shall accept a part of the goods so sold, and actually receive the same; or, third, shall give something in earnest to bind the bargain, or in part payment thereof."

The oral extension of time, if granted, in which to move the barn was in no sense a "sale of goods, wares and merchandise," and, therefore, not 'included in or controlled by the terms of the statute cited.

Neither was the extension of time, if granted, in which to move the barn, void for the want of consideration. The detriment that would have resulted to appellee in the loss of his right to remove the barn, by reason of the extension of time, if not enforced, was sufficient to support the new agreement for further time in which to move it. This identical question was involved in the case of *Nothwang* v. *Harrison*, 126 Ark. 548. In upholding a contract for an extension of time to cut and remove timber from lands held under a timber lease, the court said: "An agreement as to the time or manner of the exercise of some legal right when so acted upon that the right has become valueless unless it may be enjoyed pursuant to the agreement, is a sufficient consideration to support a contract to that effect."

(5) It is also insisted by appellant that the court erred in refusing to instruct that the burden was upon appellee to prove that appellant had waived her right to the barn. Waiver is the gist of this action. In fact, it is the only ground upon which appellee can sustain his action at all. The burden rests upon him to prove his case by a preponderance of the evidence. The party asserting a waiver must establish it by the weight of the evidence. *Beene* v. *Green*, 127 Ark. 119.

(6) Lastly, there appears to be a difference between learned counsel as to the measure of the damages applicable, in case appellee should prevail. Appellee is not in a position to make use of the barn while on appellant's land, nor to move it in its present form to other lands and use it. In order for appellee to use it as a

barn, it must be torn down and rebuilt on his own premises. In other words, appellee can only make use of it when reduced to its original state of lumber. Lumber would have no rental value. It follows that appellee could not recover damages for the use of non-usable property. Appellee could not, therefore, recover damages for the loss of its use. His damages would consist of its depreciation in value from the time he attempted to move it until recovery, with interest on the whole amount at the rate of six per cent. per annum from the date he demanded it. Cobbey on Replevin (2 ed.), p. 492, section 914.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.