ROGERS *v.* SKOW.

4-3939

Opinion delivered July 8, 1935.

*Roy Gean* and *Hardin & Barton,* for appellant.

*Pryor & Pryor,* for appellee.

BUTLER, J.   On the 2d day of August, 1932, the appellee, G. W. Skow, purchased from the appellant R. Kay Rodgers, with the consent of the Louisiana Oil Refining Corporation, a wholesale commission agency which Rodgers had with the oil corporation and certain equip-

ment used in connection therewith for an agreed price of $7,500. Of this sum $3,500 was paid in cash, and the remaining $4,000 to be paid in installments of $200 each to be evidenced by promissory notes which were duly executed on that date. At the same time and as a part of the transaction, a contract was entered into between the said Skow and the oil corporation by which Skow was constituted general agent of the corporation for the Fort Smith territory. The contract provided that it should continue for a period of twelve months unless sooner terminated. The parties to the agreement expressly reserved the right to either of them to terminate the contract upon fifteen days' written notice without assignment of cause. Skow, by the contract, undertook the performance of certain duties and agreed to devote his entire time to the business of the agency, and not to become interested in any business which might in any manner conflict with the business of the corporation.

At the same time that the notes were executed and the contract between Skow and the oil corporation was entered into, an agreement was executed as a part of the transaction by Rodgers and Skow providing "that, if at any time before all said notes shall have matured, that is, within twenty months from September 1, 1932, the Louisiana Oil Refining Corporation should cancel its agency contract or discontinue its agency with the buyer without his consent, for any reason other than his dishonesty, insubordination or his violation of any of the terms of his contract with said corporation, then it is agreed that any of said notes then unmatured but maturing thereafter shall be canceled and become void."

On the 29th day of April, 1933, Rodgers brought suit for the collection of eleven of said promissory notes which were due and unpaid, aggregating the sum of $2,200, for which amount judgment was prayed with interest. Skow answered admitting the execution of the notes, and that they were unpaid, setting up as an affirmative defense that on March 2, 1933, the oil corporation canceled the agency contract without his consent, and that, under the terms of the contract between himself and Rodgers, this action on the part of the corporation in-

validated all of said notes unmatured on that date. The provision of the contract to this effect was set out in his answer, and is the one quoted *supra*.

On the trial of the case Rodgers identified the eleven notes sued on and testified that they were executed and delivered to him by Skow, that they were past due and unpaid, that he was still the owner thereof, and that Skow admitted their execution and delivery. Skow, testifying in his own behalf, identified and introduced in evidence the contract between himself and the oil corporation, and also the contract between himself and the plaintiff, Rodgers. He offered in evidence a letter purporting to have been written to him on March 2, 1933, signed by the oil corporation, "By J. D. Flynn, Manager Arkansas Division," notifying him of the intention of the corporation to cancel his agency agreement. This letter was admitted over the objection and exception of the plaintiff Rodgers. Skow further testified that, in pursuance to the advice contained in the letter, the agency agreement was canceled without his consent, of which fact he notified Rodgers in writing on March 28, 1933, and demanded the cancellation and return of the unmatured notes.

The above was all of the evidence in the case. Each party asked a directed verdict, whereupon the jury was discharged, and the court sustained the motion of the defendant Skow and entered a judgment finding the issues in his favor.

On appeal it is insisted that the letter from the oil corporation to Skow advising him of its intention to cancel the agency contract was incompetent. We do not think so. It was competent for the purpose for which it was offered—namely, to establish the cancellation of the agency agreement. The letter was not identified as an authentic letter from the oil corporation. The identification, however, would seem not to have been difficult. The contract between the oil corporation and Skow was admitted in evidence without objection, and appears to have been signed by J. D. Flynn, the same officer of the corporation who signed the letter objected to, and, if the handwriting of the two signatures was similar, this would

have been sufficient evidence to warrant the court in finding that the letter was genuine. But the admission of the letter was not prejudicial because the cancellation of the agency agreement was proved by the uncontradicted testimony of Skow, and the letter therefore becomes immaterial.

We are of the opinion, however, that the evidence was insufficient to sustain the finding and judgment of the trial court. The execution and delivery of the notes was admitted, and the defendant, as an affirmative defense, pleaded the contract between himself and Rodgers, which provided that the unmatured notes should be canceled and be void if "the Louisiana should cancel his contract before the notes had all matured without his consent and for any other reason or cause, except his dishonesty, insubordination or his violation of any of the terms of his contract with said corporation. An examination of this pleading makes it clear that, if the above allegation be stricken from the plea, there would be no defense to the action, and therefore, the burden of proving the same would necessarily rest upon the defendant. *James* v. *Orrell*, 68 Ark. 284, 57 S. W. 931; *Henderson* v. *Emerson*, 105 Ark. 697, 151 S. W. 257; *VanHoozer* v. *Grattis*, 139 Ark. 390, 214 S. W. 44.

Counsel for the appellee erroneously contend in support of the court's action that, since the corporation did not advise Skow of the cause of the cancellation of his contract, the defendant is relieved from proving that the dismissal did not come within the exceptions mentioned in the contract between himself and Rodgers. This contention is based on the provision in the contract between the corporation and Skow which permits either party to cancel the same without giving any reason for such action. The contract involved, however, is not that between the corporation and Skow, but the one between Skow and Rodgers, and, in order to escape liability on the notes, it was Skow's duty to establish, not only that the agency contract was canceled without his consent, but also that it was not on account of dishonesty, insubordination, or violation of any of the terms of the contract on his part. It is no answer to say that this would impose upon the

defendant the burden of proving a negative. No one has charged him with any dishonesty or any breach of his contractual obligations with the oil corporation. For this reason, the presumption of law that all men are presumed to be honest has no application, and the authorities cited by appellee are not in point. It is the appellee who by his plea must rely on the fact that his discharge as agent of the corporation did not come within the exceptions named in the contract, and in order to establish this it is essential that he make negative proof. *Austin* v. *Dermott Canning Co.*, 182 Ark. 1128, 34 S. W. (2d) 773; *Hopper* v. *State*, 19 Ark. 143; 22 C. J., p. 70.

As appellee argues, it is true that no one but the oil corporation would know the particular reason influencing it to terminate the agency contract, but Skow would have known whether it was not on account of dishonesty, insubordination, or breach of the contract on his part, and, as these conditions must not have existed, if Skow is to be relieved of the payment of his notes, the burden is upon him to make proof of the nonexistence of those facts.

The judgment of the trial court must be reversed, and the cause remanded for a new trial.