NATIONAL GARAGES, INC., v. BARRY.

4-9228                                              232 S. W. 2d 655

Opinion delivered June 12, 1950.

Rehearing denied October 9, 1950.

*Linwood L. Brickhouse* and *Paul L. Barnard,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

HOLT, J.  This appeal comes from a judgment, October 5, 1949, for appellee against appellant in the amount of $505.66, as damages for the unlawful and unauthorized removal of appellee's automobile from appellant's parking lot in Little Rock on August 16, 1948, at about 11:00 a. m., without appellee's knowledge or consent.

Appellee was the only witness in the case.  At the close of his testimony, appellant, without offering any testimony, asked for an instructed verdict in its favor. Appellee also asked for a verdict in his favor for the amount claimed, whereupon, the court took the case from the jury and entered a judgment for appellee, as indicated.

Appellee owned a 1941 Buick automobile and paid appellant $8.00 per month in advance for use of its storage lot.  He testified, in effect, (quoting from appellant's abstract) :  ''That they put a sticker on the windshield, and he would drive in and leave his car in the driveway, with the key in the car and the attendant would park it then, or when he could get to it; that he had no particularly assigned space, he just left his keys in the car and they parked it; that on August 16, 1948, he parked there about nine o'clock in the morning and went to his office, then later on in the morning he went out on a trip and got back about eleven and drove in and left the car again in the driveway for the attendant to take care of.  He then went to his office.  After lunch, about

three o'clock, he went out to look at another piece of property and he went to get his car and it wasn't on the lot."

Appellant says: "It is undisputed that appellee parked his automobile on the day in question on appellant's parking lot; that appellee paid a consideration therefor; and that the appellant thereby became a bailee for hire; that the automobile was missing when appellee called for it; that the automobile was stolen from the parking lot; that the thief was convicted and is now serving a sentence in the Arkansas Penitentiary; that the automobile was recovered by the Sheriff at Morrilton, Arkansas, and returned to the appellee in a damaged condition."

For reversal, appellant states his contention as follows: "It is the contention of the appellant that although it was a bailee for hire it was not an insurer and was only liable in the event it was proven to have failed to use ordinary care to protect appellee's automobile."

The rule is well settled that when each litigant, as here, asks for an instructed verdict and no other instructions are requested by either side, they, in effect, agree that the issue may be decided by the court, and its ruling, having the same effect as the verdict of a jury, will be permitted to stand if there is substantial evidence to support it. (*General Contract Purchase Corporation* v. *Row,* 208 Ark. 951, 188 S. W. 2d 507, Headnote 1.)

In the present case, it is conceded that appellant and appellee occupy the positions of bailee and bailor, respectively, and that appellee's car was stolen and damaged while in the care and custody of appellant, the keeper of the parking lot. It was further shown that the parking lot attendant knew the appellee and knew which car was his, so the trial court could have inferred that the theft was the result of appellant's negligence. When these facts were established, a *prima facie* case was made against appellant and it then became its duty to go forward with evidence to rebut this *prima facie* case. This, appellant has failed to do. In fact, it offered no testimony at all.

In these circumstances, the well settled rule is stated by the text writer in 24 Am. Jur., p. 508, under the subject "Garages, Parking Stations and Liveries," § 59, "Evidence—Burden of Proof," as follows: "The general rule seems to be that a *prima facie* case is ordinarily made out for the bailor when he proves the bailment and a failure on the part of the bailee to return the property on demand. The duty then usually devolves on the bailee to 'go forward' with evidence to rebut the *prima facie* case. Thus, one who brings an action against a garage or livery stable keeper based upon the latter's negligence ordinarily has the burden of proving such negligence or want of due care on the defendant's part; and when a car owner makes out a *prima facie* case of damage to his car while in the garage keeper's custody, it becomes the duty of the garage keeper to rebut the *prima facie* case by showing that he used due care as bailee." See, also, an extended annotation entitled "Liability for loss or damage to automobile left in parking lot," 131 A. L. R., pp. 1175-1205.

The principles of law announced in *Hornor Transfer Company* v. *Abrams,* 150 Ark. 8, 233 S. W. 825, a bailment case, apply with equal force here. There it was held: (Headnote 1) "A bailee of goods for hire is not absolutely liable for their loss, but only for their negligent loss," but that the burden is on the bailee for hire who has been placed in exclusive possession of the property, as here, to explain the loss thereof before the bailor could be put upon proof as to negligence.

No error appearing, the judgment is affirmed.