LaFayette Hotel Co. *v*. Gordon and Ferguson.

5-2947                                    365 S. W. 2d 857

Opinion delivered March 25, 1963.

*House, Holmes, Butler & Jewell*, By *Philip E. Dixon*, for appellant.

*Terral, Rawlings & Matthews*, By *Gail O. Matthews*, for appellee.

Ed. F. McFaddin, Associate Justice. This is an action to recover for loss of property entrusted to one alleged to be a bailee. The plaintiff-owner is Gordon & Ferguson, Inc., and the defendant-alleged bailee is LaFayette Hotel Company.

Mr. Goldstein was a traveling salesman, and appellee's samples[1] were plainly visible in his car. Goldstein registered as a guest at the LaFayette Hotel; the doorman took the car and contents for overnight parking; and was specifically instructed by Mr. Goldstein to carefully lock the car. The doorman of the hotel parked the Goldstein car in the basement of a garage near the hotel. The next morning, when Mr. Goldstein requested the doorman to bring the car, it was discovered that someone had broken the glass of the car and stolen the samples. The theft was reported to the police, but none of the stolen property was ever recovered. Gordon &

---

[1] The samples consisted of wearing apparel and other articles, and the value of the stolen articles was stipulated to be $1,210.69.

Ferguson, Inc. brought this action, claiming that the hotel company, as bailee, was liable for the loss of the stolen samples. The cause was submitted to a jury, which returned a verdict for the plaintiff-owner; and on this appeal the hotel company urges two points, both relating to instructions.

I. *Refusal To Give An Instructed Verdict For Appellant.* It is vigorously insisted that all the doorman of the hotel did was to take the car across the street, park it, and return the keys to the hotel desk; and that no negligence was shown to have been committed by the hotel or its employees. Based on this line of argument appellant claimed below, and insists here, that an instructed verdict should have been given for appellant. But there was other evidence in the case which we consider vital and now mention. (a) The hotel advertised "convenient garage services at the door"; (b) the hotel would store cars for its guests at no place other than the storage facilities used in this instance; (c) the desk clerk admitted — at one place in his testimony — that Mr. Goldstein asked him if the car and contents would be safe and the desk clerk assured him that they would be; (d) the doorman of the hotel selected the place to store the car in the basement of the garage; (e) Mr. Goldstein testified that after the theft he observed the place where the car was stored was very poorly lighted; and (f) the only precautions taken by the storage garage against such a theft was the use of a merchant watchman who "came around about three times a night."

The foregoing testimony, along with the other facts as previously detailed, made a case for the jury: there was the delivery of a car by a guest to the hotel for storage; the hotel was advised that there were articles in the car; the hotel was instructed to lock the car; the hotel assured the guest that the car and contents would be safe; there was a failure to return the contents; and there was evidence sufficient to go to the jury on the question of negligence of the bailee in storing the car at a poorly lighted place, and also as to the sufficiency of the precautions taken against such a theft. The Trial

Court was correct in refusing an instructed verdict for the defendant.

II. *Giving Of Plaintiff's Instructions Nos. 1 and 3.* Even though there was sufficient testimony to take the case to the jury, nevertheless some of the instructions offered by the plaintiff were fatally defective and require a reversal of the judgment. Over the general and specific objections of the defendant, the Court gave the plaintiff's Instructions Nos. 1 and 3, and each of these instructions was erroneous. Here is Instruction No. 1, with the erroneous matter italicized:

"You are instructed that it is the burden of the plaintiff to prove the delivery of the automobile containing the articles of clothing, the acceptance by the defendant or its agents, notice of the contents to the defendant or its agents and the failure of the defendant to return the contents. If these matters are proved, the plaintiff has established a *prima facie* case of negligence and the burden devolves upon the defendant to explain the loss by showing that it used due care. If the plaintiff proves these matters and *the defendant fails to explain the loss by showing that it used due care, your verdict will be for the plaintiff.*"

Here is Instruction No. 3, with the erroneous matter italicized:

"You are instructed that a theft by a third person is not a defense for the defendant's failure to return the articles *unless the defendant shows that the theft was not occasioned by its failure to use due care.*"

It will be observed that in both of these instructions the Court told the jury that the burden was on the defendant to show due care for the property, rather than the burden being on the plaintiff to show that the defendant-bailee was negligent. Such was the error in each instruction. In *James* v. *Orrell,* 68 Ark. 284, 57 S. W. 931, the very point here in issue was decided; and the Court quoted from Storey on Bailments, 8th Ed. § 410: " ' . . . it would seem that the burden of the proof of negligence is on the bailor, and proof merely of the loss is not sufficient to put the bailee on his defense.' " In *Turner* v.

*Weitzel,* 136 Ark. 503, 207 S. W. 39, Chief Justice McCulloch quoted from an earlier case: " 'The mere loss of the property does not ordinarily fix a liability for the loss upon him (bailee), but it must be further shown that said loss arose by reason of his negligence.' " In *Hornor Trans. Co.* v. *Abrams,* 150 Ark. 8, 233 S. W. 825, the Trial Court gave an instruction which said that if goods were stored with a bailee for hire ". . . and they were lost while in the possession of the defendant company (bailee), then you will find for the plaintiff for the value of the goods, as shown by the evidence." In holding such instruction to be erroneous, Chief Justice McCulloch, speaking for this Court, said that if the goods were not returned, ". . . it devolved upon them (bailees) to explain the loss *before the plaintiff (bailor) could be put upon proof as to negligence."* (Emphasis our own.)

In *Scott* v. *Columbia Compress Co.,* 157 Ark. 521, 249 S. W. 13, the opinion recites:

"The instructions given by the court told the jury in substance, that the burden of proof rested upon appellee (bailee) to account for the loss of the cotton, but that if it was shown that it was destroyed by fire, the burden was upon the appellant (bailor) to establish negligence on the part of the appellee or its servants in permitting the cotton to be thus destroyed. These instructions were in accordance with the repeated decisions of this court."

In *Hall* v. *Stover,* 215 Ark. 485, 221 S. W. 2d 41, we said that the burden was on the bailor to prove that the bailee's negligence was the cause of the damage to the property. There is nothing in *National Garages, Inc.* v. *Barry,* 217 Ark. 593, 232 S. W. 2d 655, which changes the holding of these cases. We there quoted from American Jurisprudence to the effect that when the bailor proves the bailment and a failure to return the property, the duty devolves on the bailee to "go forward"; but we added:[2] "One who brings an action against a garage or

---

[2] On the question of the liability of a garage man for theft or unauthorized use of an automobile, see Annotations in 131 A.L.R. 1175 and 43 A.L.R. 2d 403. In 24 Am. Jur. 490, "Garages" etc. § 13, in discussing the liability of the garageman for theft, the text states the rule: "In any case, of course, the owner, in order to recover, must establish negligence on the part of the garage keeper."

livery stable keeper based upon the latter's negligence ordinarily has the burden of proving such negligence or want of due care on the defendant's part."

The plaintiff's Instructions Nos. 1 and 3, given by the Court over the specific objection of the defendant, placed the burden on the defendant-bailee to prove itself free of negligence instead of placing the burden on the bailor to prove the negligence of the bailee. The question of negligence was a vital issue, involving storing the car in the place where it was stored, and also the watchman service. These were the claimed matters of negligence; and the burden was on the appellee-plaintiff to prove the negligence, rather than on the appellant-defendant to prove absence of negligence. We cannot escape the fact that the Instructions Nos. 1 and 3 were fatally defective; and by reason thereof the judgment is reversed and the cause is remanded.

HARRIS, C.J., and WARD, J., would reverse and dismiss.