WADLY *v.* LEGGITT.

Opinion delivered March 25, 1907.

1. EJECTMENT—DEFENSE—TITLE IN STRANGER.—It is a good defense in a suit to recover land that the title is in a third person. (Page 265.)

2. RES JUDICATA—SUBSEQUENTLY ACQUIRED TITLE.—The fact that a losing defendant in a suit to recover land failed to allege or prove that the title was in a stranger will not preclude him from acquiring such title after the judgment was rendered in that suit and bringing suit thereon to test its validity. (Page 265.)

3. APPEAL—BRINGING UP THE EVIDENCE.—A judgment in a law case will not be affirmed because the bill of exceptions fails to show affirmatively that it contains all of the testimony if it contains sufficient evidence to show affirmatively that the court's finding of facts was erroneous. (Page 266.)

Appeal from Greene Circuit Court; *Allen. Hughes,* Judge; reversed.

*W. S. Luna* and *Johnson & Huddleston,* for appellant.

1. The court erred in finding that the issues in this case were adjudicated in the case of *Rowland* v. *Wadly,* 71 Ark. 273. Appellant could not have pleaded the Miller title in that suit because (a) she did not own such title at the time the issues

were made up in that case, nor at the time the decree was rendered by the chancery court, 50 Ark. 551; and (b) though she owned the Miller title when the decree was rendered by the chancery court upon the mandate, she could not then put it in issue, since there remained nothing for the chancellor to do but to render a decree in accordance with the mandate. 89 N. W. 431; 95 N. W. 47; 98 N. W. 825; *ib.* 847; 71 N. E. 438; 60 Ark. 50; Black on Judgments (2 Ed.), § 656; 62 Ark. 76.

*J. D. Block* and *F. H. Sullivan,* for appellant.

1.   Where the bill of exceptions contains some of the evidence, but it does not show that it sets out all of the evidence that was before the trial court, the judgment must be affirmed.   99 S. W. (Ark.) 75; *ib.* 133; 94 S. W. (Ark.) 611; 75 Ark. 83; 74 Ark. 553; 54 Ark. 159; 49 Ark. 365; 35 Ark. 450; *ib.* 412; 17 Ark. 331; 14 Ark. 301; 7 Ark. 350.

2.   Exceptions not having been saved to the court's finding that appellant was bound by the decree in the case of *Rowland* v. *Wadly,* no objections thereto can be urged here.   70 Ark. 418; 60 Ark. 250; 33 Ark. 100.

3.   Prior to the Constitution of 1874, a married woman's deed in which her husband did not join was void.   Gantt's Dig. §§ 838, 849; 38 Ark. 57; 36 Ark. 366; 32 Ark. 453; 30 Ark. 391; 15 Ark. 479.

4.   Seven years' actual possession bars claim of title. Kirby's Dig. § 5056; 38 Ark. 181; 34 Ark. 538; 64 Ark. 345. Although Rowland interrupted the statute as to him before the full period of limitation had run, that did not prevent its continuing in operation against the Miller heirs.   50 Ark. 153.

5.   This case is adjudicated by the decree in *Rowland* v. *Wadly.* Appellant now proposes to assail that decree by showing a prior conveyance from the heirs of Tolbert to Miller. This would have been a complete defense to that action.   Title in a stranger defeats ejectment.   47 Ark. 215; *ib.* 413.   An outstanding title will defeat a bill to quiet title.   74 Ark. 383; 76 Ark. 447.   Since an outstanding title in the Miller heirs was a good defense to the original action, it, not having been set up, could not now be brought forward by the defendant in that action, regardless of when she acquired it—and certainly not when she held the same title at the time of the decree.   70

Ark. 203; 70 Ark. 567; 1 Freeman on Judgments (4 Ed.), § 309; 1 Van Vleet, Former Adj. (Ed. 1895,) § 199; 74 Ia. 244.

McCULLOCH, J. This is an action in ejectment instituted in the circuit court of Greene County by appellant against appellee to recover a tract of land in that county, and the cause was tried by the court sitting as a jury.

The parties claimed title from a common source. The land in controversy was formerly owned by one Thomas Tolbert, who died intestate, and both parties claim title under conveyances from his heirs. The plaintiff, Mrs. Wadly, alleges that the Tolbert heirs conveyed the land to one Miller, but that the deed was lost, and the record thereof had been destroyed by fire, with all the other records of Greene County; that Miller died owning the land, and that she purchased from his heirs. Appellee denied that the Tolbert heirs ever conveyed to Miller, and alleged that they conveyed to his grantor, Rowland, but appellant introduced testimony tending to establish the fact that said heirs conveyed the land to Miller before the date of their conveyance to Rowland, and that Rowland had knowledge of the previous conveyance to Miller. Appellee also pleaded adverse possession for seven years before the commencement of this action, and also pleaded in bar of appellant's right of action a decree of the chancery court of Greene County in favor of appellee's grantor, Rowland, rendered in a suit brought by Rowland against appellant to quiet his title to the land.

The record in the Rowland suit was introduced in evidence, and it appears therefrom that the chancery court at the November term, 1899, rendered a decree in favor of Mrs. Wadly, that Rowland appealed to this court, that this court on March 7, 1903, reversed the decree of the chancellor with directions to enter a decree for the appellant therein in accordance with the opinion of the court (*Rowland* v. *Wadly*, 71 Ark. 273), and that on November 3, 1903, the chancery court, pursuant to the mandate of this court, entered a final decree in favor of Rowland, awarding the lands to him.

Appellant claimed title, as above stated, under deeds from the Miller heirs, and it was admitted by appellee in the trial below that said deeds (two of them) were executed on October 15, 1903, by the Miller heirs to appellant.

The court, without making a finding upon the other issues in the case, found from the evidence adduced that the issues in the case were adjudicated in the former suit of Rowland *v.* Wadly, in favor of Rowland, and that appellant's right of action was barred by that adjudication. Judgment was entered accordingly.

The only question presented, therefore, by this appeal is whether the evidence sustains the finding of the court on that issue, as no other issue was passed upon by the court.

It will be seen from the foregoing recital that the appellant, Mrs. Wadly, acquired the alleged Miller title, under which she now claims, subsequent to the adjudication in the Rowland suit in chancery. That suit was decided by this court in favor of Rowland in March, 1903, the mandate of the court was filed in chancery court and decree thereon entered in November, 1903, and Mrs. Wadly acquired the Miller title on October 15, 1903.

It is plain, therefore, that the title under which Mrs. Wadly now claims was not, and could not have been, adjudicated in that suit. In that suit she claimed an entirely different chain of title. She claimed title under a conveyance to her ancestor executed by the widow of Thomas Tolbert. That chain of title was decided against her, but the Miller title was not adjudicated, and could not have been, as the Miller heirs, who then held that title, were not parties to the case. Nothing prevented the Miller heirs from instituting an action against appellee or Rowland to test the validity of their alleged title; and, as appellant purchased from the Miller heirs after the decree in the Rowland suit, she succeeded to all the rights of the Millers, including the right to sue to establish the validity of the title, notwithstanding the previous adjudication.

It is true, as urged by appellee, that the outstanding Miller title could have been pleaded in the Rowland suit, and proof of it would have defeated Rowland's right to recover. *Dawson v. Parham,* 47 Ark. 215; *Apel v. Kelsey,* 47 Ark. 413; *St. Louis Refrigerator & Wooden Gutter Co. v. Thornton,* 74 Ark. 383; *Carpenter v. Smith,* 76 Ark. 447.

But appellant's failure to plead the outstanding title of Miller did not bar her right, when she acquired that title sub-

sequently to the former adjudication, to plead it in a subsequent action brought by her to test its validity. By the subsequent acquisition of the Miller title she stands in precisely the same attitude in which the Miller heirs stood. It may be that Miller never purchased from the Tolbert heirs, or that the Miller title is barred by limitation; but the proof is conflicting on these issues, and the court made no finding upon them, and we cannot treat them as settled. As the trial court came to an erroneous conclusion on the issue as to the former adjudication, appellant is entitled to the decision of a trial jury or court on the other disputed questions.

When we speak of the acquisition by appellant of the Miller title after the former adjudication, we mean after the judgment of this court settling the title and directing the chancery court to enter a decree in accordance with the opinion. The adjudication dates from that time, and it became the duty of the chancery court to enter a decree in accordance with the mandate, which was done.

The issues in that suit were settled by the judgment of this court, and it was not incumbent on appellant, the defendant in that suit, to plead any title subsequently acquired. She was not, therefore, barred from pleading such after-acquired title in another action. *People* v. *Holladay,* 93 Cal. 241; *University of N. C.* v. *Maultsby,* 55 N. C. 241; *Woodbridge* v. *Banning,* 14 Ohio St. 328; *McKissick* v. *McKissick,* 6 Humph. (Tenn.) 75.

There is some confusion and conflict in the evidence as to the names of the Tolbert heirs from whom Miller is alleged to have purchased, and there was evidence introduced by appellee tending to show that there was one or more of the Tolbert children besides those mentioned in appellant's pleadings and proof; but we think there was enough proof, if accepted as true, to sustain appellant's contention of the purchase by Miller from all of the Tolbert heirs. Appellee admitted in his answer that there were only four of the Tolbert heirs, as alleged in the complaint, and that one of them, Mary Tolbert, died intestate without issue, and appellant's evidence tended to establish the fact that Miller thereafter purchased from the other three.

Counsel for appellee also contend that the judgment should be affirmed because the bill of exceptions fails to show affirm-

atively that it contained all the testimony. It does, however, contain a complete transcript of the record pleaded in bar, and also shows that appellant acquired the title now asserted after that adjudication. This is sufficient to show affirmatively that the court's finding was erroneous.

For this error the judgment is reversed, and the cause remanded for a new trial.