## STEWART et al. v. COLLINS*
### (No. 1316; March 16, 1927; 254 Pac. 137.)

BANKS AND BANKING—TRANSFER OF STOCK—GIFT OF STOCK—TRANSFER OF TITLE TO STOCK—DELIVERY—FAILURE OF BANK TO TRANSFER ON BOOKS—INVALID TRANSFERS—TRANSFER TO ONE UNABLE TO MEET STOCKHOLDERS' LIABILITY.

1. Delivery of certificate, indorsed, and with transfer on back of certificate filled in and signed by stockholder, *held* sufficient instruction to bank to transfer stock.

2. Evidence that stockholder, after indorsing certificte of bank stock to his sister, delivered it to another bank, and wrote his sister that he had transferred stock to her, and she replied that it was satisfactory, *held* to show a gift of the stock.

3. Title to stock in a bank may be transferred by indorsing certificate over to a transferee and delivering it to proper officer of the corporation, with instructions to transfer it on the corporation books.

4. To complete transfer of bank stock, stock need not be delivered by owner to the corporation in person; delivery to an agent either of donor or donee with proper instructions being sufficient.

5. Where stockholder, after notifying his sister of transfer of stock to her, and she accepted, left certificate properly indorsed with his agent, which following instructions, delivered it to bank, *held* that transfer was complete, though bank failed to transfer stock on books of bank.

6. Where one does all that may reasonably be expected of him in order to transfer stock, mere fact that bank or its officers fail to transfer the stock on books does not, in absence of contrary statute, charter provision, or by-law, prevent transfer from being perfected.

7. Transfer of bank stock to one who is not financially reresponsible, with intent to escape stockholder's liability, is invalid as to creditors.

8. That stockholder transferred stock for no consideration to his dependent sister, who was unable to respond to stockholder's liability, *held* insufficient to render gift invalid and continue liability, under Comp. St. 1920, § 5186, of donor to creditors, where his good faith was evidenced by payment of a 100 per cent assessment on his stock after notifying his sister that he intended to give her the stock.

*See Headnotes: (1) 7 CJ p. 496 n. 9. (2-4) 7 CJ p. 496 n. 6; p. 506 n. 2; 14 CJ p. 1026 n. 85; 28 CJ p. 658 n. 73; p. 676 n. 33. (5, 6) 7 CJ p. 495 n. 5. (7, 8) 7 CJ p. 506 n. 1.

APPEAL from District Court, Campbell County; JAMES H. BURGESS, Judge.

Action by J. A. Stewart and others, as creditors of the Peoples' Bank of Moorcroft, formerly a banking corporation, for themselves and other creditors of the corporation, against J. D. Collins. From a judgment for defendant, plaintiffs appeal.

*E. C. Raymond, R. G. Diefenderfer* and *W. K. Somers,* for appellants.

There was no gift of the stock by respondent to his sister; as between a doner and a donee, there must be a delivery of the certificate; Allen Co. v. Grumbles, 129 Fed. 287; Yancy v. Field, 8 S. E. 721; Matthews v. Hoagland, 21 A. 1055; Wadd v. Hazelton, 33 N. E. 145. The stock here was never delivered to anyone until August 6, 1921, when it was surrendered by defendant for cancellation; the pretended gift was merely to evade responsibility; Liebe v. Battman, 54 P. 180; Jones v. Jones. 201 S. W. 577; Spooner's Adm. v. Hilbish, 23 S. E. 753; 14 C. J. 345;

Fletcher Cyc. Corp., Vol. 1, P. 1023, Sec. 500; Knicker-bocker Trust Co. v. Myers, 133 Fed. 763. A stockholder in a bank cannot transfer his stock to evade liability therein; Bank v. Strachan, 132 P. 201; Northwestern Trust Co. v. Bradbury, 134 N. W. 513; Richmond v. Irons, 121 U. S. 27; Sowles v. Witters, 39 Fed. 402; Williams v. Rose, 218 Fed. 898.

*C. A. Kutcher,* for respondent.

The certificate of the reporter is insufficient to show that the record is complete; 6405 C. S. The word "testimony" is not broad enough to include all evidence; France v. Bank, (Wyo.) 18 P. 748; Callahan v. Houck, (Wyo.) 83 P. 372; 36 Cyc. 1146. There is no evidence that Collins had knowledge of the bank's insolvency; the court will not sustain an issue of insolvency arising collaterally in a civil case; Blyth & Fargo Co. v. Kestor, 97 P. 927. All facts required to prove insolvency must be shown; Collins did everything required of him to effectuate a gift of the stock and vest ownership in his sister; 7 C. J. 506; 14 C. J. 1026; Whitney v. Butler, 30 L. Ed. 266; Hunt v. Seeger, 98 N. W. 91. The by-laws of the bank are not pleaded and cannot affect the question of delivery; 5 Pl. & Pr. 94; 28 C. J. 633. Delivery need not be to donee personally; 28 C. J. 639; Devol v. Dye, (Ind.) 24 N. E. 246. The case is similar to one where a grantor of land, with the assent of the grantee, executes a deed and delivers it direct to the recorder for record and the recorder neglects to record it; this is a constructive delivery and title will pass; 34 Cyc. 588; 8 R. C. L. 1006. There is no proof of the bank's indebtedness either before or on the date of the transfer.

*E. C. Raymond, R. G. Diefenderfer* and *W. K. Somers,* in reply.

The reporter's certificate fully complies with Section 6405 C. S. Cases cited by counsel were decided before the direct appeal statute was enacted and are not in point

on the sufficiency of the reporter's certificate; the evidence does not show a valid gift by Collins to his indigent sister; no gift having been made, Collins was the owner of the stock at the time the bank closed, and its insolvency, prior to the time when it closed its doors, is not in the case; notwithstanding the pretended gift, respondent retained the certificate of stock and, in August 1921, surrendered it to the bank and bought a new certificate and paid par value for it; in September 1921, respondent delivered the new certificate to his agent, the Bank of Gillette, with directions that it be sent to the Peoples' Bank at Moorcroft to be transferred to his sister; the Peoples' Bank closed in the following month of October and the certificate was found in its files by the State Examiner; the bank was insolvent for months before it closed its doors.

Before Potter, Justice, and Tidball and Brown, District Judges.

Tidball, District Judge.

In this case, the plaintiffs, as creditors of the defunct Peoples Bank of Moorcroft, are seeking to recover from J. D. Collins the sum of $1000 for themselves and all other creditors of the defunct bank, under Section 5186, W. C. S. 1920, which reads as follows:

"The shareholders of each and every banking association, savings bank and loan and trust company or association, organized under the provisions of this chapter shall be held individually responsible, equally and ratably and not one for another, for all contracts, debts and engagements of such company or association to the extent of their stock therein at the par value thereof, in addition to the amount invested in such stock."

This section has since been repealed and a new section re-enacted as Section 87, Ch. 157, S. L. 1925. However,

this latter chapter does not apply to the case at bar, the suit in question antedating the law of 1925.

Judgment was for defendant in the trial court, and plaintiffs have appealed, claiming that the judgment is not supported by the evidence.

The plaintiffs claim in their petition that Collins was the owner of ten shares of the capital stock of said bank at the time it failed on October 28th, 1921. The defendant in his answer denies that he was the owner of the stock at that time, but alleges that he transferred his stock to his sister on the 28th day of September, 1921. The plaintiffs in their reply deny that this transfer was made, and allege that, if it was made, defendant's sister at the time of the transfer was not financially able to respond to a stockholder's liability and that the transfer, if made, was for the purpose of evading his stockholder's liability.

It appears from the evidence that in July, 1921, and prior thereto, the defendant was the owner of ten shares of stock in the Peoples Bank of Moorcroft of the par value of $100 each; that during that month he wrote to his sister in Connecticut, which sister was a person without property and was dependent in part upon the defendant for her support, that he intended to give her this stock, and she replied, accepting the offer. The defendant, however, did not part with the stock at that time, he never having had possession of the certificate after it was issued.

Afterward, on August 6th, 1921, it was found that the bank was in failing circumstances, it appearing that there was considerable bad paper in the bank. At that time, under the direction of the State Bank Examiner and other persons interested in the bank, a reorganization was brought about, by which all stockholders in the bank surrendered the stock that they then held and took out new stock in the same amount, paying $100 per share therefor in cash. The defendant Collins was one of the stockholders who, on that date, being the owner of a

certificate for ten shares of stock in the bank, had the same cancelled, and took out a new certificate for ten shares, at the same time paying into the bank $1000 in cash. It appears from the evidence that the State Bank Examiner and the other persons interested in the bank who attended the meeting on August 6th believed that this transaction would place the bank in a sound and solvent condition, and Collins testified that on and after that date until the bank closed he believed the bank to be solvent, and there appears to be no evidence in the record that would indicate that this was not an honest belief.

Later, on September 28th, 1921, Collins was living near Gillette, Wyoming, a considerable distance from the Peoples Bank of Moorcroft, and at that time he was doing business with the Bank of Gillette. On that date, he endorsed his certificate issued on August 6th, 1921, for ten shares of stock in the Peoples Bank of Moorcroft to his sister, Mary F. Collins, who was then residing in Connecticut, took the certificate to the Bank of Gillette, and instructed the officers in charge of that bank to forward the certificate to the Peoples Bank of Moorcroft with instructions to transfer it to his sister. The Peoples Bank of Moorcroft was closed by the State Bank Examiner on October 28th, 1921, and afterwards a receiver was appointed, the corporation was dissolved, and all its assets disposed of in order to pay the creditors of the bank. It appears from the evidence that after the sale of all of the assets of the bank and the application of the proceeds thereof to the payment of the obligations of the bank, there were still obligations outstanding in excess of the par value of the capital stock of the bank, so that all stockholders in the bank at that time were liable under the statute for a one hundred percent assessment on their respective shares of stock.

After delivering it to the Bank of Gillette, the defendant Collins heard nothing more from his certificate until after the Moorcroft bank had closed, when he received

the certificate through the mail from the State Bank Examiner. He held possession of the certificate until the time of trial, which was on the 10th day of February, 1925, and at that time introduced it in evidence. There is no direct evidence in the record as to what the Bank of Gillette did with this stock certificate after receiving it from the defendant with instructions as above stated, except the testimony of the defendant, which is as follows:

"Q.   What did you do with the certificate after you so endorsed the same as appears on the back of it?
A.   I left it there with the bank to send to Moorcroft.
Q.   And did you leave instructions to send this to Moorcroft?
A.   Yes, sir.
Q.   What directions?
A.   To send it down there to have them transfer it on the books down there.
Q.   Was that done?
A.   I guess not.
Q.   Was it sent to Moorcroft with directions to transfer it to Mary F. Collins?
A.   Yes.
Q.   Was the certificate sent to the Peoples Bank?
A.   Yes.
Q.   When did you next hear from it?
A.   After the Examiner took hold of the bank."

This testimony of the defendant went in without objection. What knowledge he had as to whether the Bank of Gillette sent the certificate to the Peoples Bank of Moorcroft, and, if so, what instructions were given to the Peoples Bank of Moorcroft, is not clear from the evidence. It may be that Collins was basing this testimony upon hearsay only, and it may be he was simply stating his conclusion from the fact that the State Bank Examiner, after taking charge of the Peoples Bank of Moorcroft, forwarded the certificate of stock to the defendant.

Counsel for the plaintiff in their brief complain that there was not sufficient evidence in the record to show that

the stock certificate was ever sent by the Bank of Gillette to the Peoples Bank of Moorcroft. They also contend that there is not sufficient evidence in the record to show that the certificate after its delivery to the Bank of Gillette ever came into the possession of the Peoples Bank of Moorcroft, contending, apparently, that the mere fact that the State Bank Examiner after the closing of the Moorcroft bank mailed the certificate to defendant would not be any evidence that the certificate was actually received by the Peoples Bank of Moorcroft. We have given this matter very careful consideration, and are of the opinion that the trial court was justified in drawing the inference, as it must have done, that the Bank of Gillette obeyed the instructions of defendant in sending the certificate of stock to the Peoples Bank of Moorcroft with directions to transfer it to defendant's sister, and we are further of the opinion that the District Court might fairly have drawn the inference from the fact that the certificate was mailed to the defendant by the State Bank Examiner after he had taken charge of the Peoples Bank of Moorcroft, that the certificate of stock was actually delivered to the Peoples Bank of Moorcroft and was found among the files of the bank by the State Bank Examiner. There is no other way of accounting for the possession of the certificate by the State Bank Examiner. The trial court must have drawn these inferences from the evidence because it entered a general finding for the defendant, and it must have found that there was a valid transfer of the stock in order to have entered such a judgment. We are further of the opinion that the fact that the stock certificate was endorsed to Mary F. Collins, sister of defendant, and the transfer on the back of the certificate was filled in and signed by defendant, would be sufficient instruction to the Peoples Bank of Moorcroft as to what should be done with the certificate, even though the Bank of Gillette may not have specifically instructed the Peoples Bank of Moorcroft to transfer the stock.

Counsel for the plaintiffs also argue that even if the certificate was delivered to the Bank of Gillette by the defendant, as testified to by him, and was thereupon forwarded by the Bank of Gillette to the Peoples Bank of Moorcroft with instructions to transfer the same to defendant's sister, Mary F. Collins, this is not sufficient to constitute a valid, completed gift from defendant to his sister. Collins testified, and his testimony on that point is not disputed, that after he had endorsed the stock certificate on September 28th, 1921, and delivered it to the Bank of Gillette, he wrote his sister that he had transferred the stock to her and that she replied that it would be satisfactory. We think, under the above evidence, the gift was completed. We believe it sufficient, in order to transfer the title to stock in a corporation, that the certificate be endorsed over to the transferee, as was done in this case, and be delivered to the proper officer of the corporation with instructions to transfer it on the books. 14 C. J. 1026, Sec. 1594. Cook on Corporations, Vol. 1, 739. Whitney v. Butler, 118 U. S. 655; 7 S. Ct. 61, 30 L. Ed. 266; Earle v. Carson, (C. C. A.) 107 Fed. 639, 60 L. R. A. 266 (Aff. 188 U. S. 42, 47 L. Ed. 373); Bracken v. Nicol 124 (Ky.) 628, 99 S. W. 920, 11 L. R. A. (N. S.) 818; 7 C. J. 495, Sec. 49; 506, Sec. 73; Foster v. Row 120 (Mich.) 1, 79 N. W. 696, 77 Am. St. Rep. 565. It is not necessary in order to complete the transfer that the stock be delivered by the owner to the corporation in person. It may be delivered to an agent either of the donor or donee with proper instructions. In this case, the stock was delivered to the Bank of Gillette, which bank was acting as Collins' agent for the transfer. The Bank of Gillette having delivered the stock to the Peoples Bank of Moorcroft, properly endorsed to the donee, the situation would be the same as though Collins had delivered the stock directly to the Peoples Bank of Moorcroft with instructions to transfer it to his sister.

We think the weight of authority to be that where one does all that may reasonably be expected of him in order to make a transfer of stock, the mere fact that the corporation or the officers thereof fail to transfer the stock on the books of the corporation does not, in the absence of a contrary statute, charter provision, or bylaw, prevent the transfer from being perfected. 7 C. J. 506, Sec. 73; 7 R. C. L. 264-265. In this case, the stock having been delivered to the Peoples Bank of Moorcroft by the defendant, with instructions to transfer it to his sister, and the sister having been notified by defendant that he had transferred the stock to her and she having accepted the gift, we think the tranfer was complete, even though the Peoples Bank of Moorcroft failed to perform its duty in transferring the stock. · There was at the time in question no statutory provision, and no provision in the charter or bylaws of the bank, providing that no gift or sale of stock was complete until tranferred on the books of the bank.

Counsel for the plaintiffs also object that even though the gift were completed, the fact that the stock was transferred to a person who was not financially responsible would render the gift invalid as to creditors of the bank, and defendant should still be considered the owner of the stock for the purpose of stockholder's liability. With this contention we cannot agree. Where one transfers stock in a bank to a person who is not financially responsible, with the intent to escape his stockholder's liability, then the law is undoubtedly to the effect that such transfer is invalid as to creditors. However, as we view the evidence in this case, there is nothing to show that the defendant transferred his stock to his sister with intent to escape his stockholder's liability. The evidence shows that after the reorganization on August 6th, 1921, everyone connected with the bank, including the defendant Collins, believed that the bank was solvent and in a sound financial condition. There is nothing in the evi-

dence to show that Collins received any different information after that date until the bank closed on October 28th, 1921. Collins testified that he believed this stock was worth par value when he transferred it to his sister, that he made the transfer because his sister was partially dependent upon him for support, and that he would not have transferred the stock to her had he not believed it was valuable. There is not a particle of evidence in the record to show that Collins at the time of this transfer, on September 28th, 1921, did not believe and did not have reason to believe that the stock was valuable and that the Peoples Bank of Moorcroft was a solvent and going concern. The further fact that on August 6th, 1921, defendant paid into the bank a one hundred percent assessment on his stock is evidence of good faith. Under these conditions, the mere fact that he transferred his stock to someone who, it is admitted in the evidence, was not able to respond to a stockholder's liability is not sufficient to render the gift invalid and continue the liability of Collins as a stockholder of the bank. Foster v. Row, supra; Sykes v. Holloway, 81 Fed. 432; 3 R. C. L. 407. We believe that the transfer of the stock was made in good faith, that the gift was completed, and that the Peoples Bank of Moorcroft should have made the transfer on the books of the bank on the day that the stock was received from the Bank of Gillette, and the defendant Collins having parted with all interest in this stock on September 28th, 1921, he was not liable as a stockholder of the bank after the closing of the bank on October 28th, 1921.

We therefore believe that the judgment of the District Court should be affirmed, and it is so ordered.

*Affirmed.*

POTTER, J., and BROWN, District Judge, concur.