BAUMGARTNER *v.* ROGERS.

5-2334                                                       345 S. W. 2d 476

Opinion delivered April 3, 1961.

[Rehearing denied May 15, 1961.]

*Robert J. White,* for appellant.

*Luke Arnett,* for appellee.

ED F. MCFADDIN, Associate Justice. This appeal, involving a rather small parcel of accretions, is a continuation of litigation that has been in court, in one case or another, since 1936, and was before this Court in the case of *Knight* v. *Rogers,* 202 Ark. 590, 151 S. W. 2d 669, decided on June 2, 1941.

In 1936 Knight, Baumgartner, Buss, and Kleck filed an action in ejectment against W. S. Rogers in the Logan

Circuit Court, claiming to be the owners of certain described lands in Logan County. The plaintiffs claimed title by deed from S. C. Howell in 1932, and by deed from Hollenberg *et al.* in 1935. W. S. Rogers denied the allegations in the Knight-Baumgartner complaint; and alleged that he (Rogers) was in possession, having acquired title by deed from the owner, Mrs. Sallie Rogers, in March, 1932. The cause was transferred to the Chancery Court of Logan County as Cause No. 1462 therein; and resulted in a decree in favor of Rogers. Thereupon, Knight, Baumgartner, *et al.* appealed to this Court, and the Chancery Decree in No. 1462 was affirmed in our said case of *Knight* v. *Rogers, supra.* In the said opinion of this Court the land was described and Rogers' 1932 deed from Sallie Rogers was definitely stated.

Our mandate of affirmance was duly filed in the Logan Chancery Court; and, normally, the litigation would then have been concluded. But, on December 6, 1940, while the said appeal was pending in this Court on the Chancery Case No. 1462 as aforesaid, Baumgartner, Buss, and Kleck (having purchased the interest of their former co-plaintiff Knight) filed Case No. 1708 in the Logan Chancery Court; and that Chancery Case No. 1708 resulted in a decree of May 23, 1960, from which comes the present appeal.

At first, in Chancery Case No. 1708, Baumgartner *et al.* claimed title to the lands (the same lands as in *Knight* v. *Rogers, supra*) as being accretions, and also claimed title by tax payments. The complaint in No. 1708 was dismissed by the Chancery Court for want of equity on October 20, 1941. Rogers, however, invited further litigation, because on February 23, 1942, in the same case No. 1708, he filed a cross complaint[1] in which he claimed that Baumgartner *et al.* had been committing trespasses on the lands and should be restrained and enjoined. This cross complaint filed by Rogers on February 23, 1942, in Chancery Case No. 1708, gave Baumgartner *et al.* the

---

[1] It is nowhere explained just why Rogers elected to file this trespass matter as a cross complaint in Chancery Case No. 1708, rather than in Chancery Case No. 1462 (the original case affirmed by this Court) or in a case with a new number.

desired excuse to assert a title. They answered by deny-
ing that their acts were trespasses: rather, they claimed
that they (Baumgartner *et al.*) were the owners by hav-
ing acquired a deed from Sallie Rogers on December 1,
1941, which deed was recorded the following day. To
this claim of acquisition of outstanding title, Rogers
countered with the plea of *res judicata,* stating that in
Case No. 1462 he proved that he had acquired title from
Sallie Rogers in 1932; and that there was no outstanding
title in Sallie Rogers to be acquired by Baumgartner
*et al.* in 1941. Issues were thus joined; Baumgartner
*et al.* claiming the acquisition of an outstanding title, and
Rogers[2] denying any outstanding title and claiming that
the decree in Chancery Case No. 1462 (affirmed by this
Court) made the issue *res judicata.* The cause was heard
by the Chancery Court and a decree was rendered in
favor of Rogers on May 23, 1960, from which comes the
present appeal by Baumgartner *et al.*

So much for the recitation of the background facts.
The decisive point in the present appeal is, that at the
trial from which comes this appeal, Baumgartner *et al.*
entirely failed to prove that Sallie Rogers had any title
to convey to them in 1941. When Rogers introduced the
record of the pleadings and decree in Chancery Case No.
1462 and established that the land in the present case was
the same as in Chancery Case No. 1462, Rogers made a
*prima facie* case of *res judicata* against Baumgartner
*et al.,* who had been parties in the Chancery Case No.
1462. In *Mo. Pac. R.R. Co.* v. *McGuire,* 205 Ark. 658,
169 S. W. 2d 872, we quoted the rule of *res judicata*
from 30 Am. Jur. 908: " 'Briefly stated, the doctrine of
*res judicata* is that an existing final judgment rendered
upon the merits, without fraud or collusion, by a court of
competent jurisdiction, is conclusive of rights, questions,
and facts in issue, as to the parties and their privies, in

[2] During the long pendency of the case in the Chancery Court, oc-
casioned by a variety of circumstances—possibly some legal inertia,
but certainly absence of some counsel on military duty, and death of
other counsel—W. S. Rogers departed this life; and the cause was re-
vived by his administrator and heirs at law.

all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' "

To overcome Rogers' *prima facie* case of *res judicata*, Baumgartner *et al.* alleged the acquisition of title from Sallie Rogers in 1941. Of course the decree in Chancery Case No. 1462 would not be *res judicata* as against a valid outstanding title acquired by Baumgartner *et al.* after the final adjudication in Chancery Case No. 1462. *Wadly* v. *Leggitt,* 82 Ark. 262, 101 S. W. 720, 118 A. S. R. 70; *Barton* v. *Meeks,* 209 Ark. 903, 193 S. W. 2d 138. Baumgartner *et al.,* in alleging that the 1941 deed from Sallie Rogers was a valid, outstanding title, necessarily had the burden of proving the allegation. In *White* v. *Williams,* 192 Ark. 41, 89 S. W. 2d 927, we said: ". . . and it is also fundamental that the burden of proof rests upon the party litigant who makes an affirmative allegation *Johnson* v. *Mitchell,* 164 Ark. 1, 260 S. W. 710; *James* v. *Orrell,* 68 Ark. 284, 57 S. W. 931." See also *Texas Co.* v. *Mattocks,* 211 Ark. 972, 204 S. W. 2d 176. In 20 Am. Jur. 142, "Evidence" § 137, in discussing the burden of proof as to matters pleaded in defense, the effect of the holdings is summarized: "As to affirmative defenses asserted by the defendant, he is the actor, and, hence, must establish the allegations of such defenses. In other words, the burden of proof in the true sense of the term is upon the defendant as to all affirmative defenses which he sets up in answer to the plaintiff's claim or cause of action, upon which issue is joined, whether they relate to the whole case or only to certain issues in the case. As sometimes expressed, the burden is on the defendant to prove new matter alleged as a defense. This rule does not involve a shifting of the burden of proof, but merely means that each party must establish his own case. It imposes upon the defendant who alleges affirmative matter in avoidance of the plaintiff's claim or cause of action, upon which issue is taken by the plaintiff, the burden of establishing the facts which are thus alleged by presenting proof in support thereof."

When Baumgartner *et al.* failed to establish a valid outstanding title in Sallie Rogers in 1941, the present appellee, Rogers, was entitled to prevail on the plea of *res judicata* which had been established by the evidence. Therefore, in view of the record before us, the Chancery Court was correct in rendering the decree for Appellee Rogers.

Affirmed.