Ann **OWENS**, Administratrix of the Es-
tate of Maynard S. Owens, De-
ceased, Plaintiff-Appellee,

v.

**SUN OIL COMPANY**, a corporation,
Defendant-Appellant.

No. 72–1650.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted March 30, 1973.

Decided Aug. 2, 1973.

John R. Richards, Tulsa, Okl. (R. M.
Dubbs, St. Davids, Pa., and John A. Lad-

ner, Tulsa, Okl., with him on the brief), for defendant-appellant.

Jay C. Baker, of Baker & Baker, Tulsa, Okl., for plaintiff-appellee.

Before MURRAH, Circuit Judge, DURFEE,* Judge, Court of Claims, and McWILLIAMS, Circuit Judge.

MURRAH, Circuit Judge.

This case centers around a dispute over the validity of a purported *inter vivos* gift of corporate stock. The appeal is from a judgment on a jury verdict sustaining the validity of the gift. The basic and stipulated facts are that, consistent with her custom of the past several years to make donations of stock to her family, Mrs. Hettie M. Young delivered a stock certificate for 4,237 shares of Sun Oil Company stock to her bank in Fort Smith, Arkansas, to be forwarded to transfer agents for reissuance in specified amounts to designated donees. In due course, and in accordance with her directions, a certificate representing 150 shares was reissued in the name of her nephew, Maynard S. Owens, and returned with the other reissued stock to Mrs. Young's bank for redelivery to her. The certificate arrived at her bank on August 4, 1970, the same day Maynard Owens was killed in a trucking accident. About ten days later she delivered the Owens certificate to her bank with instructions to cause it to be cancelled and the stock issued in her name. The certificate that had been issued in Maynard Owens' name was ultimately cancelled, and a new certificate issued to Mrs. Young on October 6, 1970.

As administratrix of her husband's estate Mrs. Owens pleaded that upon the registration and issuance of the stock certificate to Maynard Owens he became the legal and equitable owner of the stock; that Sun Oil, acting through its authorized agent, transferred the stock certificate from his name to Mrs. Young's name without his consent, thereby wrongfully converting the stock;

and that Sun Oil is therefore liable in damages for the stock's fair market value.

Sun Oil answered, denying that Mrs. Young ever made any effective or completed gift of the stock to Owens, or that Owens ever received delivery, had possession, or had any equitable or legal title to the stock, and therefore denied that any consent of Owens was needed for the transfer.

As an affirmative defense Sun Oil alleged that at all times it and its transfer agent acted upon the instructions of Hettie M. Young and that custody, possession, and control of the stock were at all times in Mrs. Young; and that the stock was never delivered to Maynard S. Owens.

Both parties moved for summary judgment. In its motion Sun Oil took the position that physical delivery of the stock certificate to Maynard Owens was a prerequisite to consummation of the gift. If this is so there was nothing to submit to the jury, and Sun Oil is entitled to judgment as a matter of law, for it is agreed that Owens never came into physical possession of the certificate.

██ Generally, there is a division of authority on the question whether physical or manual delivery is essential to the consummation of a gift, and the case law of course turns on the peculiar facts. *See, e. g.,* Annot., 23 A.L.R.2d 1171 (1952). It has been widely recognized, however, that the transfer of stock on the books of the corporation, and the issuance of a certificate in the transferee's name, constitutes effective delivery. *See, e. g.,* Lawton v. Commissioner of Internal Revenue, 164 F.2d 380, 384 (6th Cir. 1947); Bardach v. Commissioner of Internal Revenue, 90 F.2d 323, 326 (6th Cir. 1937); Frey v. Wubbena, 26 Ill.2d 62, 185 N.E.2d 850 (1962); Moore v. Van Tassell, 58 Wyo. 121, 126 P.2d 9 (1942); and Chicago Title & Trust Co. v. Ward, 332 Ill. 126, 163 N.E. 319 (1928). It is agreed that Arkansas law controls the substantive is-

* Sitting by designation.

sues in this case. And Arkansas has recognized and applied the rule that physical delivery of the certificate is not prerequisite to consummation of the gift. *See, e. g.,* Aycock v. Bottoms, 201 Ark. 104, 144 S.W.2d 43 (1940), *citing* Stewart v. Collins, 36 Wyo. 210, 254 P. 137 (1927). *See also* Johnson v. Johnson, 115 Ark. 416, 171 S.W. 475 (1914). "Indeed, it has been held quite frequently in many jurisdictions that the assignment of certificates of stock to a donee by a holder is tantamount to delivery of the stock, although manual delivery may be wanting." *Aycock, supra* at 47 of 144 S.W.2d. Sun Oil was not entitled to judgment as a matter of law and the trial court properly submitted the case to the jury.

For purposes of trial the parties stipulated that the only issues of fact for the jury were (1) whether at the time of requesting or obtaining transfer of the stock certificate from herself to Maynard Owens on the books of Sun Oil Company, Mrs. Young intended to make a present gift, or a future gift at the time of Owens' next birthday, in which case it was of course ineffectual and (2) whether there was, in fact, an "actual delivery" of the stock to Mr. Owens. The jury was instructed without objection concerning the essential elements of a valid gift, to the effect that (1) the donor must be of sound mind, (2) must intend to pass the title immediately, (3) must *actually* deliver the property to the donee and surrender possession and control of the property, and (4) the donee must accept the gift. The jury was accordingly told, also without objection, that in order to find a valid gift, they must first find from a preponderance of the evidence that Mrs. Young not only intended to make a present gift, but actually delivered the property in question to Maynard Owens; that "actual delivery" does not necessarily mean physical delivery; that "[i]t is enough that the donor has taken all steps necessary to surrender her own dominion and control over the securities and to place them absolutely and irrevocably under the exclusive dominion and control of the donee."

The jury was further instructed that a stock certificate is *prima facie,* but not conclusive, evidence of ownership in the person to whom issued; that the facts as to true ownership of the stock may be shown by the evidence; and that since the stock certificate was transferred to the name of Maynard S. Owens and appeared on the books of Sun Oil Company in the name of Maynard S. Owens, the burden was upon Sun Oil to prove its affirmative defense that the certificate was not Maynard Owens' property. In other words that Sun Oil had to prove, "by a preponderance of the evidence, that the gift to Maynard Owens was not valid."

Sun Oil specifically objected to that part of the instruction which told the jury that the stock certificate was *prima facie* evidence of ownership, on the grounds that the plaintiff, having alleged a valid gift, had the burden of establishing all of the elements thereof. But in its requested instructions and briefing Sun Oil readily concedes the correctness of the court's instructions on *prima facie* evidence.

Sun Oil also specifically objected to that part of the instruction on the burden of proof, on the ground that the burden was always on Mrs. Owens to prove her allegations of an *inter vivos* gift of the stock. Although some confusion has arisen over the use of the phrase "burden of proof" (*see, e. g.,* Kortz v. Guardian Life Ins. Co., 144 F. 2d 676 (10th Cir. 1944), and IX Wigmore on Evidence § 2485 (3d ed. 1940)), it is generally understood that while the burden of proof never shifts, the duty of going forward may shift with the ebb and flow of probative evidence. *See, e. g.,* Hill v. Smith, 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed 419 (1923); First Nat. Bank v. Ford, 30 Wyo. 110, 216 P. 691, 31 A.L.R. 1441 (1923); and IX Wigmore on Evidence § 2489 (3d ed. 1940). *Also cf.* Denning Warehouse Co. v. Widener, 172 F.2d 910 (10th Cir. 1949). The burden of proving the alleged ownership of the stock by a preponderance of the evidence was on Mrs.

Owens and never shifted; the burden is always with the proponent of the issue. *See, e. g.*, First Nat. Bank v. Ford, *supra*; Pacific Portland Cement Co. v. Food Mach. & Chem. Corp., 178 F.2d 541, 547 (9th Cir. 1949); and IX Wigmore, supra §§ 2485 and 2489. But as we have seen the certificate was *prima facie* evidence of ownership, and such evidence is entirely sufficient to sustain the burden and take the case to the jury. The jury may, but is not required to, return a verdict in the plaintiff's favor. *See, e. g.*, IX Wigmore, *supra* §§ 2489 and 2494. *Cf., e. g.*, Beaver v. Fidelity Life Association, 313 F.2d 111 (10th Cir. 1963).

▆ In our case Sun Oil not only denied the allegations of the complaint that upon the issuance of the certificate to Owens he became the legal owner of the stock, it also specifically alleged as an affirmative defense that the gift was never consummated because the stock was never delivered to Owens. In this posture, ". . . the burden of proof in the true sense of the term is upon the defendant as to all affirmative defenses which he sets up in answer to the plaintiff's claim or cause of action . . . . This rule does not involve a shifting of the burden of proof, but merely means that each party must establish his own case." *See* Baumgartner v. Rogers, 233 Ark. 387, 345 S.W.2d 476, 478 (1961), *quoting* 20 Am.Jur., Evidence § 137. *See also* First Nat. Bank v. Ford, *supra*, and Pacific Portland Cement Co. v. Food Mach. & Chem. Corp., *supra*. While the affirmative pleadings may have added little or nothing to the issues framed by the general denial, and the court might very well have disregarded the form for the substance of the parties' claims (*see, e. g.*, 30 Yale L.J. 117–122 (1929)), at the same time the instruction with respect to burden of proof followed the form of the pleadings, and we cannot say it was reversibly erroneous.

▆ Apparently to bolster the *prima facie* case, the administratrix was permitted to testify about overhearing her husband's end of a conversation with Mrs. Young shortly before his death. Objection was made on the grounds that, since Mrs. Young was not a party to the lawsuit and Sun Oil was not a party to the conversation, any purported conversation between Mrs. Young and her nephew would be the rankest of hearsay and prejudicial. The court sustained the objection to admission of the testimony as a statement against interest, and ruled out anything said between Mr. Owens and Mrs. Owens or Mrs. Young. After an in-chambers conference, however, Mrs. Owens was finally permitted to testify that as a result of what she overheard at the Owens' end of the conversation she formed a "state of mind" that "[Owens] was going to receive some stock from .his aunt." On appeal Sun Oil complains of the admission of Mrs. Owens' testimony as to her state of mind as highly prejudicial. But we are not concerned with Mrs. Owens' state of mind, and it was totally irrelevant and, we think, equally harmless. That is, *see* Rule 61 Fed.R.Civ.P.

Mrs. Owens was also permitted to testify that Mrs. Young visited her at her home on the evening before the funeral, and that at that time she told Mrs. Owens that the stock " . . . would have to be called back because it had the wrong social security number on it"; that after she had received and cashed the dividend check she told Mrs. Young about it while at Mrs. Young's house, that Mrs. Young indicated that this was "all right"; and that she did not know that "[Mrs. Young] had taken [it] back" until she was so informed by Sun Oil. Mrs. Young categorically denied any such conversations, but the testimony went to the issue of donative intent, and the credibility of the witnesses was for the jury.

To sustain its burden of rebutting the administratrix' *prima facie* case and to prove its affirmative defenses, Sun Oil introduced the testimony of Mrs. Young on the issue of intent. On direct examination, Mrs. Young testified that she intended to make a gift to her nephew, and that she accordingly caused the stock to be transferred to him, to be de-

livered at "some opportune time" as a birthday present. On cross-examination, however, she was more specific. Counsel asked Mrs. Young the salient question whether or not the gift was made when the certificate was returned to her bank on August 4. The answer was, "yes."

"Q: You say as far as you are concerned the gift was made at that time except for giving him the little certificate? A: Well, it was in his name then but it was in my books.

"Q. Yes. A: Now the dividend went to him.

"Q. Was it your stock or Maynard's stock at that time, as far as you were concerned? A: It was his stock after his name is on it."

This testimony was subject to the inference that she not only intended to make a present gift, but that she surrendered control and dominion of the stock. But, however you want to look at it, this testimony cannot as a matter of law prevail against the *prima facie* case of ownership made out by the transfer of the stock certificate on the books of the corporation.

We hold that the issuance of the stock in the name of Maynard S. Owens, along with the evidence of Mrs. Young's intent, was sufficient to sustain the burden of showing intent to make a present gift and effective delivery.

The judgment is affirmed.

DURFEE, Senior Judge (dissenting):

I respectfully dissent from the memorandum opinion in this case. The jury was instructed that "(a) certificate of stock is *prima facie* evidence of title to the stock represented thereby * * *" and then that:

"Since the stock certificate was transferred to the name of Maynard S. Owens and appeared on the books of Sun Oil Company in the name of Maynard S. Owens, the burden of proof is upon defendant Sun Oil Company to prove its affirmative defense that the certificate was not Maynard S. Owens' own property at the time it was transferred back on the books to the name of Hettie M. Young. In other words, the defendant, Sun Oil Company, must prove, *by a preponderance of the evidence*, that the gift to Maynard S. Owens was not valid and that the stock certificate did not belong to him." [Emphasis added].

The instructions shifted the burden of persuasion from plaintiff-appellee to defendant-appellant on the central issue of the existence or nonexistence of an *inter vivos* gift of the Sun Oil Co. stock to Maynard Owens.

In my opinion the application of the rule that the stock certificate was *prima facie* evidence of ownership merely established the sufficiency of plaintiff-appellee's evidence to go to the jury and at most shifted the burden of producing evidence but not the burden of persuasion to defendant-appellant. *See* McCormick on Evidence, §§ 336–342 (2d ed. 1972); IX Wigmore on Evidence, § 2494 (3d ed. 1940). As example, the Oklahoma cases which have applied this presumption of ownership rule [1] in purported *inter vivos* gift situations do not suggest that upon introduction of the stock certificate as evidence of ownership the burden falls upon the opposing party to convince the trier of fact of the nonexistence of a gift of the stock by a preponderance of the evidence. *See* Frazier v. Oklahoma Gas & Electric Co., 178 Okl. 512, 63 P.2d 11 (1936); Davis v. National Bank of Tulsa, Okl., 353 P.2d 482 (1960). There are no Arkansas cases directly on point.

Plaintiff-appellee alleged ownership of the Sun Oil stock in her deceased husband by virtue of a gift from Mrs. Young. The burden of producing sufficient evidence (to withstand a motion for directed verdict) as proof of the gift and the burden of persuading the jury by a preponderance of the evidence of the existence of a valid gift of the stock rested with plaintiff-appellee. Edwin F.

[1]. The rule was first announced in Oklahoma State Bank of Ada v. Cole, 170 Okl. 64, 38 P.2d 914 (1934).

Armstrong & Co. v. Ben Pearson, Inc., 294 F.Supp. 163, 167 (E.D.Ark.), aff'd sub nom., Leisure Group, Inc. v. Edwin F. Armstrong & Co., 404 F.2d 610 (8th Cir. 1968); Spink v. Mourton, 235 Ark. 919, 362 S.W.2d 665, 667 (1962). The above mentioned jury instructions effectively relieved plaintiff-appellee of the latter burden by placing the onus on defendant-appellant to prove by a preponderance of the evidence the nonexistence of a valid gift. I think the instruction was misleading and prejudicial. *See* 5 Am.Jur.2d, Appeal & Error, § 810.

It would be a curious kind of law which would permit a plaintiff, who must prove every essential element of an *inter vivos* gift and must carry his burden by a preponderance of the evidence, to establish all four elements of an *inter vivos* gift with a single presumption and by means of that same presumption cast upon the opposing party the ultimate risk of proving to the trier of fact that the nonexistence of the gift is more probable than its existence.