**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TONY (CHESTER) E. MAEZ,

      Plaintiff-Counter-
      Defendant/Appellee,

v.

COPPLER & ARAGON, P.C.;
COPPLER, ARAGON & MINNICK,
P.C.; FRANK COPPLER; JOHN
ARAGON,

      Defendants,

VILLAGE OF CHAMA,

      Defendant-Counter-
      Claimant/Appellant.

No. 98-2092
(D.C. No. CIV-96-1548-JP/LFG)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Submitted on the Briefs:

_____

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **PORFILIO**, **LUCERO**, and **COOK**,[**] Circuit Judges.

---

The Village of Chama appeals the district court's bench trial ruling that the Village is not entitled to reimbursement for contributions it made on behalf of Tony Maez to New Mexico's Public Employee Retirement Fund. Finding no error, we affirm.

The circumstances leading to this appeal stem from the firing of plaintiff Tony Maez, Police Marshal of the Village of Chama, for his behavior during a shooting incident in September 1994. The facts surrounding the dismissal are recounted in a companion case and will not be repeated here. **See Maez v. Coppler & Aragon, P.C.**, No. 97-2378, 1999 WL 176129 (10th Cir. Mar. 30, 1999).

Mr. Maez sued the Village on various theories, of which only one is pertinent to this appeal. Specifically, Mr. Maez alleged a claim for Public Employee Retirement Association (PERA) payments for a fourteen-year period. The PERA manages the Public Employee Retirement Fund (PERF) which is established by New Mexico State law. Contributions to the PERF come from two places: the employer and the employee. It is the employer's duty to ensure that both shares are actually contributed to the PERF. The employer contributes its share to the fund, and withholds from the employee's wages the employee's share. During much of the time Mr. Maez served as Police Marshal of the

---

[**]The Honorable H. Dale Cook, United States District Judge for the Northern District of Oklahoma, sitting by designation.

Village, the Village forgot to contribute its share to the fund and to withhold from Mr. Maez's paychecks the other share.

The district court entered summary judgment on behalf of Mr. Maez on his PERF claim and ordered the Village to remit the total amount due for both the Village's and Mr. Maez's share of PERF contributions: $81,718.46.[1] Of that amount, $47,150.42 represented the amount due for the Village's contribution and $34,568.04 represented the amount due for Mr. Maez's contribution.

The total amount was paid as ordered. Part of the payment, $23,619.38, came from the Village of Chama's treasury; the remaining $58,099.08 was paid by an insurance company. It is unclear, however, whose interests the insurance company represented when it paid out the money, whether it be the Village, Mr. Maez, or someone else.

The district court then held a bench trial to consider the Village's counter-claim that Mr. Maez must reimburse it for the $34,568.04 paid for his share. After hearing one day of evidence and one day of argument, the district court concluded that the Village had presented insufficient evidence of its entitlement to reimbursement. Specifically, the court inferred from the evidence that the insurance company actually paid for Mr. Maez's share because he was an insured under the policy, and that therefore the Village was not entitled to reimbursement. The Village appeals from this ruling.

---

[1] The Village does not challenge this order on appeal.

Following a bench trial, we review the district court's findings of fact for clear error, *see O'Connor v. R.F. Lafferty & Co.*, 965 F.2d 893, 901 (10th Cir. 1992), and its conclusions of law *de novo*, *see EEOC v. Wiltel, Inc.*, 81 F.3d 1508, 1513 (10th Cir. 1996).

The sole issue in this case is whether the Village is entitled to reimbursement for the $34,568.04 it paid for Mr. Maez's share of contributions to the PERF. The district court made the following pertinent findings of fact:

1.      On October 14, 1997, I ordered the Village of Chama to remit to the [PERF] the amounts due for employer's (Chama's) and employee's (Mr. Maez') [PERF] contributions for Tony E. Maez for the pay periods during which Chama had paid no contributions to the [PERF] for Tony Maez.

2.      The Village of Chama made a payment of $81,718.46 to the [PERF] on December 22, 1997.

3.      The $81,718.46 payment satisfied in full the amount . . . for the employer and employee contributions for Tony E. Maez.

4.      $47,150.42 represented the amount due . . . for the employer's contribution, inclusive of interest . . . .

5.      $34,568.04 represented the amount due . . . for the employee's contribution, inclusive of interest . . . .

6.      Of the [total amount], $23, 619.38 came from the Village of Chama's treasury.

7.      An insurance company paid [the remaining] $58,099.08 of [the total amount].

The district court then concluded, based on the facts noted above, that the Village was not entitled to reimbursement. First, the court held that the Village had the burden of proving that "neither Tony Maez nor someone on his behalf [*i.e.*, the insurance company] paid the employee contribution to the [PERF]." Second, the court found that the Village had failed to satisfy its burden:

(D)     The evidence presented at trial failed to show:

    (1)     Which entities were insured under the insurance policy – the Village of Chama, the employees of the Village of Chama, including plaintiff-Tony Maez, or both;

    (2)     Under what insuring provisions the insurance company made this large payment to [PERF]; and

    (3)     On whose behalf the insurance company made its payment to the [PERF].

(E)     Chama simply failed to meet its burden of proof on its counterclaim.

The district court inferred from the evidence that the insurance company actually paid for Mr. Maez's share because he was an insured under the policy, and that therefore the Village was not entitled to reimbursement. The court reasoned:

(2)     It is reasonable to infer that:

    (a)     the $23,619.38 of Village funds which Chama paid to the [PERF] were applied to the employer's contribution . . . .

    (b)     the $58,099.08 of insurance funds were applied to:

        – the balance owed on the employer contribution . . . and

- 5 -

– the *entire amount* owed on the employee contribution [Mr. Maez's share]. . . .

The district court's conclusions present us with several questions on appeal.

The Village first argues the district court erred when it admitted evidence that an insurance company helped pay for the PERF contributions the Village was ordered to pay. The Village claims the evidence was irrelevant because New Mexico law holds that the insured still owns the cause of action for recovery of damages even when the damages were partially paid for by insurance. *See Health Plus of New Mexico, Inc. v. Harrell*, 958 P.2d 1239 (N.M. Ct. App. 1998); *Amica Mut. Ins. Co. v. Maloney*, 120 N.M. 523, 527-28 (1995). Although the Village has correctly stated the law, this argument is not dispositive because it fails to account for the district court's legitimate concern that perhaps the true insured in this case was Mr. Maez and *not* the Village. The district court stated there was no evidence regarding "[w]hich entities were insured under the insurance policy – the Village of Chama, the employees of the Village of Chama, including plaintiff-Tony Maez, or both."

The Village next argues the district court erred when it held the Village had the burden of proving that "neither Tony Maez nor someone on his behalf [*i.e.*, the insurance company] paid the employee contribution to the [PERF]." The Village reads this holding as requiring it to prove that no one other than itself owned the right to reimbursement. That, the Village argues, requires it to prove a negative. Instead of making the Village eliminate *all* other possible claimants in the world, it makes more sense, they argue, to

require Mr. Maez to demonstrate that there is *one* other claimant who has a superior interest. We need not address this argument.

Even if the district court's statement of the law on this point is incorrect, and we make no conclusions on that issue, we conclude the district court's ultimate judgment for Mr. Maez was correct because the Village failed to otherwise meet its burden. It is clear that as the claimant for reimbursement, the Village had the initial burden of showing that the total amount of contributions, including Mr. Maez's share, were paid by someone. ***See Owens v. Sun Oil Co.***, 482 F.2d 564, 566-67 (10th Cir. 1973). This was certainly proven. However, the Village also had to prove that it or someone on its behalf paid for Mr. Maez's share of the contribution. The Village could have done so in two ways.

First, the Village could have proven that it was the insured under the policy and thus entitled to reimbursement for the entire $34,568.04. Second, the Village could have proven that the insurance policy, regardless of who was the insured, paid the bulk of its payment, $47,150.42 out of the $58,099.08, to cover *the Village's share.* This would mean that only $10,948.66 of the insurance payment would have gone to pay Mr. Maez's share. Ultimately, the remaining amount, $23,619.38, would have had to come from the Village of Chama's treasury. The Village would certainly be entitled to that amount.

After a review of the record on appeal, including the transcript of the bench trial and the trial exhibits, we concur with the district court's conclusion that the Village did not meet its burden of proof. As the district court noted, the evidence at trial failed to

show that (1) the Village of Chama was an insured under the insurance policy, or that (2) the insurance policy primarily paid for the Village's share of the PERF contributions. This failure to meet the burden of proof resulted from a dearth of evidence on the matter. The Village failed to offer proof of the insurance policy's contents and in fact did not even submit a copy of the policy to the court.

The judgment of the district court is **AFFIRMED**.


ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge